DOWERK v OXFORD CHARTER TOWNSHIP

Docket No. 204032. Submitted October 6, 1998, at Detroit. Decided December 4, 1998, at 9:10 A.M.

Christine Dowerk brought an action in the Oakland Circuit Court against Oxford Charter Township after the township refused her requests for the issuance of building permits, the grant of variances, and the creation of a special-assessment district. The plaintiff owned parcels of realty that were accessible by private road only. The private road did not meet standards then current for private roads. A township ordinance forebade the issuance of building permits for the construction of buildings that did not front public or private roads. Another township ordinance required persons seeking to extend private roads to bring the roads up to current standards. The plaintiff sought variances from the ordinances so that she could extend the private road without bringing it up to current standards and so that she could obtain building permits for the construction of residences on the parcels. The plaintiff sought to have the cost of the road extension borne by the residents of the proposed special-assessment district. In her action, the plaintiff raised constitutional claims and sought a writ of mandamus commanding the issuance of the building permits. The court, Fred M. Mester, J., denied the plaintiff leave to file a second amended complaint and ultimately granted summary disposition for the township. The plaintiff appealed.

The Court of Appeals held:

1. The township did not effect an uncompensated regulatory taking of the plaintiff's property and did not violate the plaintiff's rights to due process. The regulation in this case substantially furthered the legitimate governmental interest of ensuring access by emergency vehicles to residential properties, and the regulation did not deny the plaintiff economically viable use of her land in view of its availability for development as a site for one residence. The conditions that the township required for multiunit development would have imposed on the plaintiff a burden in rough proportion to the safety concerns that would have arisen from such development. The plaintiff was accorded due process with respect to the denial

of the building permits. The conditions placed by the township for issuance of the permits and for extension of the private road did not place an onerous or excessive burden on the plaintiff because they were reasonably related to the township's objective of ensuring safety. The plaintiff was accorded due process with respect to the township's decision not to create a special-assessment district. That decision was made after a hearing was held and objections were entertained in full compliance with the requirements set by MCL 41.724 *et seq.*; MSA 5.277(54) *et seq.* The township's denial of a variance concerning the extension of the private road was supported by competent, material, and substantial evidence and followed from no error of law.

2. The plaintiff was not deprived of equal protection on the asserted ground that the township approved another resident's building permit without conditioning approval on improvement of the private road. The township's regulatory scheme was related to the legitimate governmental interest of health, safety, and welfare. Furthermore, the plaintiff is not situated similarly to that resident because that resident sought the construction of a single dwelling while the plaintiff sought to construct multiple units, whose effect on the safety concern raised by the township would have been greater than that of the dwelling of the other resident.

3. The trial court did not err in dismissing the plaintiff's claim under 42 USC 1983 inasmuch as the plaintiff was deprived of no constitutional rights.

4. The trial court properly declined to issue a writ of mandamus compelling the issuance of a building permit. Mandamus is not appropriate when the action sought is discretionary; the township's decision on the request for a building permit was largely discretionary.

5. The trial court did not abuse its discretion in denying the plaintiff leave to file a second amended complaint. The proposed amended complaint merely sought to restate claims already made and therefore would have been futile.

Affirmed.

HOEKSTRA, P.J., dissenting only from that portion of the majority opinion concerning the proposed special-assessment district, stated that the record developed by the township board with respect to the proposed special-assessment district is inadequate to allow a determination by the Court of Appeals whether the decision deny-

ing creation of a special-assessment district was supported by competent, material, and substantial evidence. The matter should be remanded to the township board for development of the record, including an explanation of the facts and reasoning by which the board reached its decision.

1. ZONING — REGULATORY TAKING.

A land-use regulation effectuates a taking of private property for public purpose without the due process and just compensation required under the federal and state constitutions where the regulation does not substantially further a legitimate governmental interest or where the regulation deprives the owner of economically viable use of the land (US Const, Am V, Am XIV, § 1; Const 1963, art 1, § 17, art 10, § 2).

2. CONSTITUTIONAL LAW — EQUAL PROTECTION.

The equal protection guarantees of the federal and state constitutions are coextensive; equal protection mandates that persons in similar circumstances be treated similarly; however, unless the dissimilar treatment alleged impinges on the exercise of a fundamental right or targets such protected classifications as those based on race or gender, the challenged regulatory scheme will survive equal protection analysis if it is related to a legitimate governmental interest (US Const, Am XIV, § 1; Const 1963, art 1, § 2).

3. MANDAMUS — DISCRETIONARY ACTIONS.

A writ of mandamus is not appropriate when the action sought is a discretionary one.

4. PLEADING — AMENDED PLEADINGS — APPEAL.

A trial court should deny leave to amend a pleading if the proposed amended pleading would, among other things, be an exercise in futility; an amendment is futile where the party seeks to merely restate, or slightly elaborate upon, allegations already pleaded; a trial court's decision whether to allow amendment of pleadings is reviewed on appeal for abuse of discretion (MCR 2.118[A][2]; MCL 600.2301; MSA 27A.2301).

*Mark S. Bosler*, for the plaintiff.

*Cox, Hodgman & Giarmarco, P.C.* (by *Thomas J. McGraw*) and *Rentrop, VanderKloot, Haynes & Morrison, P.C.* (by *Gary A. Kravitz*), for the defendant.

Before: HOEKSTRA, P.J., and CAVANAGH and O'CONNELL, JJ.

O'CONNELL, J. Plaintiff appeals as of right from the trial court's orders granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8) and (10), and denying her motion to file a second amended complaint. We affirm.

In 1972, Helmut Dowerk acquired a ten-acre parcel of land in the Charter Township of Oxford, in an area zoned for single-family residences. The only access to this landlocked property was, and remains, an existing private road commonly called Kimberly Drive. This unimproved private roadway, approximately one-third of a mile in length, connects the parcel in question with Indian Lake Road, a public highway. In 1989, Dowerk received permission from the township, defendant in this case, to divide his parcel into four lots of 2½ acres each. However, Dowerk's plans to build private residences on this land were subject to certain regulations. According to local ordinance, permits would not be issued for the construction of buildings that did not front either public roads or private roads that met current standards. Another ordinance set forth standards for new private roads, and mandated that applicants seeking to extend existing private roads not be permitted to do so unless any nonconforming portions of the existing roadway were brought to current standards. There is no dispute that Kimberly Drive has never measured up to the current standards. Dowerk sought building permits and a variance to relax the standards for an extension of Kimberly Drive that would reach the new residences. Defendant denied the variance, and further informed Dowerk that no new construction

would be permitted unless the existing portion of
Kimberly Drive was upgraded to current standards.
Defendant evidentially agreed to relax in part the
standards for upgrading the existing portion of
Kimberly Drive, but otherwise continued to condition
approval of Dowerk's building plans on improvement
of the roadway. Dowerk and the similarly situated
owner of adjacent property, not wishing to absorb the
costs of the off-site improvements, petitioned for cre-
ation of a special-assessment district so that the sev-
eral property owners who fronted Kimberly Drive
would share in the cost of improvements. After a pub-
lic hearing, at which affected landowners recorded
their objections, defendant declined to create the spe-
cial-assessment district.

Dowerk died in 1995. In 1996, Dowerk's widow,
plaintiff Christine Dowerk, owner of the property and
personal representative of her husband's estate, com-
menced this action. Plaintiff argued that defendant's
regulatory scheme imposed unconstitutional restric-
tions on her use of her property and sought a writ of
mandamus to compel defendant to issue the building
permits plaintiff sought. The trial court granted
defendant's motion for summary disposition, declar-
ing that defendant's regulations concerning private
roads were constitutional, that plaintiff suffered no
taking because she remained free to develop her
property as she wished if she conformed to those
standards, and that a writ of mandamus would be
inappropriate because decisions on requests for build-
ing permits are discretionary in nature. Plaintiff
moved for reconsideration, seeking to file a second
amended complaint that included an allegation that
defendant unlawfully exercised its authority. The trial

court denied plaintiff's motion, and this appeal followed.

Plaintiff argues that defendant's restrictions on her plans to develop her property are in violation of her constitutional rights to just compensation, due process, and equal protection and that the trial court erred in refusing to grant a writ of mandamus and in declining to allow plaintiff to file a second amended complaint. We find no merit in plaintiff's arguments.

### I. TAKING AND DUE PROCESS

Both the federal and state constitutions prohibit the taking of private property for public purposes without due process and just compensation. US Const, Am V and Am XIV, § 1; Const 1963, art 1, § 17, and art 10, § 2. Plaintiff argues that defendant effected an uncompensated regulatory taking of her property and that defendant's actions in the matter violated her due process rights. We disagree.

### A. REGULATORY TAKING

A land-use regulation effectuates a taking where the regulation does not substantially further a legitimate governmental interest or where the regulation deprives the owner of economically viable use of the land. *K & K Const, Inc v Dep't of Natural Resources*, 456 Mich 570, 576; 575 NW2d 531 (1998). Here, defendant's stated purpose for the ordinance is to ensure access to residential property by emergency vehicles. This provision for the public safety is clearly a legitimate governmental interest. *Bevan v Brandon Twp*, 438 Mich 385, 399-400; 475 NW2d 37 (1991). This brings our inquiry to whether the regulation denied plaintiff economically viable use of her land.

Plaintiff carries the burden of proving that the value of her land has been destroyed by the regulation or that she is precluded from making use of the property, which typically requires proof that the land is unsuitable or unmarketable as zoned. *Id.* at 403. Here, plaintiff argues that the conditions defendant is imposing render her development plans financially infeasible. However, plaintiff has not investigated the feasibility of developing and marketing her property as one large single-residential parcel, and defendant indicates that were plaintiff to do so she could take advantage of available avenues through which she could then avoid the costs of upgrading the roadway. That plaintiff could reap greater profits from selling her land as four small residential parcels instead of one large one does not bear on the question, provided only that the latter option nonetheless retains some economic value for plaintiff. Mere disparity in value between potential uses for property does not meet the threshold necessary to establish a taking. *Id.* at 405. Because plaintiff does not dispute that she may still develop or sell the property as a single ten-acre parcel without having to upgrade the road as required for the proposed subdivision, plaintiff has failed to show that her property has lost all economic viability under defendant's regulations. See *id.* at 404.

A regulation of development may be unconstitutional where "the degree of the exactions demanded by the city's permit conditions" do not "bear the required relationship to the projected impact of petitioner's proposed development." *Dolan v City of Tigard*, 512 US 374, 388; 114 S Ct 2309; 129 L Ed 2d 304 (1994). In this case, we conclude that conditioning the development of a subdivision on upgrading

the existing private road that would provide the development's only access to public highways, and on strict compliance with current standards in the construction of any extension of the existing private road to service the new residences, imposes a burden that is in at least "rough proportion" to the increased traffic and public safety concerns that would follow from the proposed development. See *id.* at 391.[1]

For these reasons, defendant has imposed no regulatory taking of plaintiff's property.

### B. PERMITS, VARIANCES, AND SPECIAL-ASSESSMENT DISTRICT

Plaintiff argues that defendant's refusal to issue the requested building permits and create the special-assessment district violated her procedural rights, on the grounds that defendant conditioned the permits on onerous and excessive burdens that did not reasonably relate to defendant's objectives in imposing them, and that defendant denied the special-assessment district without providing plaintiff with any other avenues for complying with reasonable conditions.

Concerning the permits, because, as discussed above, defendant's requirement that new residences front roads that are fully accessible to emergency vehicles is reasonable, defendant had a reasonable procedural basis for conditioning the requested permits on compliance with that policy. That defendant

---

[1] Further, whereas the principles from *Dolan* arose from a municipality's insisting that a landowner dedicate a portion of the subject real property to public use as a condition on commercial development of that property, the burdens and expenses at issue in this case concern the upgrading of a private access road, and the specifications for an extension of the road for access to the proposed development. Defendant has not insisted that plaintiff further dedicate any of her land to public use.

relaxed somewhat the requirements for upgrading the existing portion of Kimberly Drive, and indicated that plaintiff should be able to construct one residence, instead of four, without having to upgrade that portion of roadway at all, persuades us that defendant acted without depriving plaintiff of the process due in this matter. Likewise, we find no violation of plaintiff's procedural rights in defendant's insistence that any extension of Kimberly Drive to reach the proposed new residences comply fully with current standards for private roads. Because the ordinance itself constitutes a legitimate exercise of defendant's police power, it is reasonable for defendant to require that any extension of the private road taking place specifically as part of a plan for new residential construction meet the applicable standards.

MCL 125.293; MSA 5.2963(23) grants the township board of appeals the authority to vary or modify any zoning ordinance in order to prevent unnecessary hardship as long as the spirit of the ordinance is observed, public safety is secured, and substantial justice is done. The record indicates that defendant reviewed plaintiff's requests and discussed them at length at several meetings. Further, both the fire chief and the police chief submitted letters to the board explaining why it was necessary for the private roadway to be in compliance with the ordinance. The fire chief particularly cited two occasions when it had not been possible to get emergency equipment to fires that had occurred at residences on the private roadway, forcing firefighters to resort to using a port-a-tank and stringing hoses back to the fires. This record indicates no lack of due process attendant to defend-

ant's decisions concerning plaintiff's requests for building permits and variances.

Concerning the proposal for a special-assessment district, a township has authority to create such a district to support the maintenance or improvement of a private road on receipt of a petition requesting such an arrangement signed by fifty-one percent of the property owners with frontage along the private road in question. MCL 247.391; MSA 9.195(41). However, before approving a special-assessment district, the township must hold a hearing on the petition and entertain objections. MCL 41.724(2) and (3); MSA 5.2770(54)(2) and (3). After the hearing, the township board has discretion to proceed with the improvement and create the special-assessment district. MCL 41.725; MSA 5.2770(55); see also OAG, 1981-1982, No 5851, p 41 (February 10, 1981). Here, plaintiff filed a petition for a special-assessment district and a public hearing was held. Several landowners who would be subject to the special assessment filed petitions and letters objecting to the proposal. After hearing objections, the board denied the petition for the special-assessment district. The record indicates that defendant exercised its discretion after affording all interested parties a full and fair opportunity to be heard. We find no merit in plaintiff's suggestion that having declined to impose the special-assessment district, defendant was obliged to offer plaintiff other avenues, other than plaintiff's own bearing of the expenses, through which plaintiff could comply with applicable ordinances while realizing her ambition to build four new residences on her property. There was no violation of due process in declining to create the special-assessment district.

Plaintiff further argues that the trial court erred in finding that defendant had a legally sufficient basis for its denial of a variance of the extension of Kimberly Drive and of the special-assessment district for improvement of the private roadway.

MCL 600.631; MSA 27A.631 provides for appeal to the circuit court of any order, decision, or opinion from any state board, commission, or agency for which judicial review has not otherwise been provided. Review of such decisions is limited to whether the decision is authorized by law and supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28. See also *Viculin v Dep't of Civil Service*, 386 Mich 375, 392; 192 NW2d 449 (1971). "Substantial evidence" is evidence that a reasonable person would accept as sufficient to support a conclusion. While this requires more than a scintilla of evidence, it may be substantially less than a preponderance. *Tomczik v State Tenure Comm*, 175 Mich App 495, 499; 438 NW2d 642 (1989).

In this case, our review of the entire record leads us to conclude that defendant's decisions were supported by competent, material, and substantial evidence, and followed from no error of law. Defendant's regulations are constitutional, and its decisions against plaintiff were informed by input from both experts and interested parties. Accordingly, the trial court properly granted defendant's motion for summary disposition.

## II. EQUAL PROTECTION

Next, plaintiff argues that she has been denied equal protection of the laws by defendant's actions in approving another resident's building permit without

conditioning that approval on the improvement of the existing private roadway. Equal protection of the law is guaranteed by both the federal and state constitutions. US Const, Am XIV, § 1; Const 1963, art 1, § 2; *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 716; 575 NW2d 68 (1997). These constitutional provisions are coextensive. *Id.* The doctrine mandates that persons in similar circumstances be treated similarly. *Id.* However, unless the dissimilar treatment alleged impinges on the exercise of a fundamental right or targets such protected classifications as those based on race or gender, the challenged regulatory scheme will survive equal protection analysis if it is rationally related to a legitimate governmental interest. See *Frame v Nehls*, 452 Mich 171, 183; 550 NW2d 739 (1996). In such cases, the party raising the equal protection challenge has the burden of proving that the challenged law is arbitrary and thus irrational. *Neal, supra* at 719.

For the factual basis of her equal protection challenge, plaintiff contrasts defendant's treatment of her with defendant's treatment of the owner of nearby property, whom defendant, in 1990, allowed to construct a residence along with a circle driveway connecting to Kimberly Drive, without any requirement for upgrading Kimberly Drive. Plaintiff alleges no disparate treatment infringing a fundamental right or implicating a protected classification, and so the rational basis test applies in this situation. We hold that the restrictions plaintiff challenges result from defendant's exercise of the police power pursuant to ordinary concerns for health, safety, and welfare, and are thus rationally related to a legitimate governmental interest.

Further, plaintiff's situation is readily distinguishable from that of the landowner whose permit was not conditioned on improving Kimberly Drive. Plaintiff is seeking to extend an existing roadway, not simply to construct a home and driveway along the existing roadway. Further, the landowner to whom plaintiff points was building a single residential home and accompanying drive, whereas plaintiff is seeking to develop four homes and an accompanying cul de sac extending Kimberly Drive. The latter project naturally portends to add considerably more to existing traffic density than the former. Thus, for purposes of equal protection analysis, plaintiff is not situated similarly to the resident who was issued a building permit without being required to improve the private roadway. Plaintiff has suffered no constitutional deprivation of the equal protection of the laws.

### III. SECTION 1983

Plaintiff argues that the trial court erred in dismissing her claim under 42 USC 1983. "Section 1983 provides a civil remedy to persons deprived of constitutional rights by individuals acting under color of state law." *Electro-Tech, Inc v H F Campbell Co*, 433 Mich 57, 65-66; 445 NW2d 61 (1989). To sustain a claim under § 1983, a party must prove that the complained-of conduct was committed by a person acting under color of state law, and that the conduct deprived the party of rights, privileges, or immunities secured by the United States Constitution. *Id.* at 66-67, citing *Parratt v Taylor*, 451 US 527, 535; 101 S Ct 1908; 68 L Ed 2d 420 (1981). Because we have concluded above that plaintiff's constitutional claims lack merit, her § 1983 claim likewise must fail.

#### IV. MANDAMUS

Plaintiff argues that she was entitled to a writ of mandamus compelling defendant to issue a building permit. We disagree. A writ of mandamus is not appropriate when the action sought is a discretionary one. *Keaton v Beverly Hills*, 202 Mich App 681, 683; 509 NW2d 544 (1993). The grant or denial of a variance is a discretionary action. MCL 125.293a(1)(d); MSA 5.2963(23a)(1)(d). Because defendant's decision on the request for a building permit was largely a discretionary, not purely ministerial, exercise, the trial court properly declined to issue the extraordinary writ.

#### V. SECOND AMENDED COMPLAINT

Plaintiff's remaining argument on appeal is that the trial court erred in denying her motion to file a second amended complaint. We disagree. We review a trial court's decision whether to allow amendments to pleadings for an abuse of discretion. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). Pursuant to MCR 2.118(A)(2), leave to amend pleadings should be freely given when justice so requires. See also MCL 600.2301; MSA 27A.2301; *Weymers, supra* at 658. Leave to amend should be denied only in the face of undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility. *Id.*, citing *Ben P Pyke & Sons v Gunter Co*, 390 Mich 649, 656; 213 NW2d 134 (1973). The trial court must specify its reasons for denying the motion; failure to do so requires reversal unless the amendment would be futile. *Noyd v Claxton, Morgan, Flockhart & VanLiere*, 186 Mich App 333, 340;

463 NW2d 268 (1990). An amendment is futile where the paragraphs or counts the plaintiff seeks to add merely restate, or slightly elaborate on, allegations already pleaded. *Dukesherer Farms, Inc v Director of the Dep't of Agriculture*, 172 Mich App 524, 530; 432 NW2d 721 (1988).

Here, plaintiff sought to add a count of "unlawful exercise of authority by defendant," alleging that defendant illegally exercised its authority by conditioning plaintiff's building permit on the improvement of the existing private road, and that defendant's private-road ordinance was unconstitutional and otherwise unlawful as applied. Although the trial court did not state its reasons for denying plaintiff's motion to file her second amended complaint, it is apparent that plaintiff's allegations in her second amended complaint were restatements of the counts and allegations pleaded in her first amended complaint.[2] Thus, allowing plaintiff to amend her complaint would be an exercise in futility. Accordingly, the trial court did not abuse its discretion in disallowing the second amended complaint.

---

[2] Plaintiff reserves for this part of her argument her citation of *Arrowhead Development Co v Livingston Co Rd Comm*, 413 Mich 505; 322 NW2d 702 (1982). *Arrowhead* stands for the proposition that a county road commission does not have the authority to require a subdivision developer to make improvements to a county road located entirely outside a platted subdivision as a condition precedent to approval of the plat. *Id.* at 518-519. However, *Arrowhead* is distinguishable from the present controversy, in that the instant case concerns a private road that reaches and touches the proposed subdivision as the only envisioned means of access. Cf. *Frericks v Highland Twp*, 228 Mich App 575, 604-605; 579 NW2d 441 (1998) (a zoning ordinance providing that "[i]f a development is not located within the service area of a municipal water supply system, the development shall include a water distribution system using a community well as a water source" properly advances the legitimate governmental purpose of providing for fire protection).

VI. CONCLUSION

This case has to do with allocating the costs of development. Although constitutional principles forbid forcing one person to absorb the costs of a public benefit, neither do they require forcing others to shoulder the burdens of one person's aspirations to develop real property.

Had plaintiff constructed the new residences without regard for defendant's regulations concerning private roadways, plaintiff would have burdened neighboring landowners with additional traffic on Kimberly Drive and aggravated defendant's problems with getting emergency vehicles into that area when needed; plaintiff then would have passed some of the expenses or other burdens of her development aspirations onto those who were unwilling to bear them. Had defendant imposed the special-assessment district on landowners presently fronting Kimberly Drive, persons wishing to avoid the costs of upgrading their access road would have been forced to make an investment they did not choose for themselves, while inviting increased traffic in the process; again, plaintiff would have stood to gain from that development substantially at the expense of unwilling contributors. As things stand, plaintiff must either reduce the scope of her ambitions to develop her property, or else observe current standards in extending Kimberly Drive while otherwise upgrading the existing portion of roadway; the latter course of action would force plaintiff to absorb the costs of an upgrade that incidentally benefits other landowners. There is no way to balance perfectly all interested persons' interests and burdens. The scheme to which we give our approval in this instance at least has the

virtue of placing the burdens of development on the person initiating the activity. In a situation where rough accommodations cannot be avoided, we are satisfied that the burdens defendant is placing on plaintiff are in "rough proportion"[3] to the public needs to which plaintiff's plans would give rise. We find no constitutional infirmity in the substance or procedure of defendant's regulatory scheme in this case.

Affirmed.

CAVANAGH, J., concurred.

HOEKSTRA, P.J., (*concurring in part and dissenting in part*). I dissent from only that portion of the majority's opinion regarding plaintiff's proposal for a special-assessment district for improvement of the private roadway. In my opinion, the record developed by the township board is inadequate to allow us to determine whether its decision was supported by competent, material, and substantial evidence. Accordingly, I would favor remanding this issue to the township board for development of the record, including an explanation of the facts and reasoning by which the board reached its decision. See, e.g., *Reenders v Parker*, 217 Mich App 373; 551 NW2d 474 (1996). I concur in the remainder of the majority's opinion.

---

[3] To borrow the expression from *Dolan, supra* at 391.