CHOE v FLINT CHARTER TOWNSHIP

Docket No. 209747. Submitted April 4, 2000, at Detroit. Decided April 28, 2000, at 9:10 A.M.

Myong Choe brought an action in the Genesee Circuit Court against Flint Charter Township, seeking both a writ of mandamus compelling the township to grant the variance necessary for her to operate a massage parlor on property that she had purchased and damages. The plaintiff alleged that she had purchased the property on the basis of assurances by the township building department that she would have no difficulty in obtaining the necessary variance. The plaintiff further alleged that statements made by members of the township zoning board of appeals demonstrated that she was the victim of discrimination on the basis of her age, gender, race, ethnicity, and religion. The court, Thomas C. Yeotis, J., issued the writ of mandamus, compelling the township to grant the variance, and set the matter for a jury trial with respect to the question of damages. The township appealed by leave granted.

The Court of Appeals *held*:

1. Although in the past the Supreme Court has allowed trial courts to use a writ of mandamus to compel a zoning authority to issue a variance where the court found that the denial of the variance constituted an abuse of discretion, MCR 3.302(C) provides that the writ of mandamus when directed to a lower court or tribunal has been replaced by an order of superintending control. Accordingly, the trial court erred in issuing a writ of mandamus requiring the township to grant the plaintiff's request for a variance. However, given the historic use of the writ of mandamus under these circumstances, the fact that mandamus and superintending control are similar actions, and the general failure of the Court of Appeals to distinguish between the two actions in zoning cases, the trial court's issuance of a writ of mandamus rather than an order of superintending control would not by itself warrant reversal.

2. Reversal of the trial court's order is warranted, however, on the basis that neither superintending control nor mandamus is an appropriate remedy where the issue concerned is subject to resolution on appeal. By statute, the plaintiff had the right to appeal the decision of the board of zoning appeals to the circuit court. Thus, because an appeal of the decision of the board of zoning appeals was available to the plaintiff, the trial court erred in granting the plaintiff's request for extraordinary relief.

Reversed.

1. SUPERINTENDING CONTROL — MANDAMUS.

The writ of mandamus when directed to a lower court or tribunal has been replaced by an order of superintending control (MCR 3.302[C]).

2. SUPERINTENDING CONTROL — APPEAL.

A complaint for superintending control must be dismissed if an appeal is available (MCR 3.302[D][2]).

*Jonathan S. Baker*, for the plaintiff.

*Foster, Swift, Collins & Smith, P.C.* (by *Kevin T. McGraw, Stephen J. Rhodes*, and *John P. Seurynck*), for the defendant.

Before: CAVANAGH, P.J., and SAWYER and ZAHRA, JJ.

CAVANAGH, P.J. Defendant, Flint Charter Township, appeals by leave granted from the February 4, 1998, writ of mandamus, issued by the Genesee Circuit Court, that directs defendant to grant a zoning variance to plaintiff. We reverse.

Plaintiff, Myong Choe, operated a massage parlor on Miller Road in defendant township for three years without incident.[1] In 1995, plaintiff sought to relocate so that she could expand her business to include

---

[1] Plaintiff asserts that she offers legitimate massage therapy, and nothing in the record suggests that the reality might be otherwise.

exercise equipment, tanning booths, and nail and facial care. Plaintiff entered into a land contract for a parcel on Bristol Road, which was zoned C2 (general business). The parties do not dispute that defendant's zoning scheme does not permit commercial massage services in the district in which plaintiff wishes to operate. Plaintiff alleges that, before entering into the contract, she received assurances from defendant's building department that she would have no difficulty in obtaining a variance. However, on December 6, 1995, defendant's zoning board of appeals denied her petition for a variance.

Plaintiff filed a complaint in the circuit court on March 6, 1996, seeking both a writ of mandamus and monetary damages. Plaintiff alleged that "statements made by members of the . . . Board" demonstrated that she was the victim of discrimination on the basis of her age, gender, race, ethnicity, and religion.

The trial court heard oral arguments on September 24, 1996. In an opinion dated November 18, 1997, the court granted plaintiff's request for a writ of mandamus and ordered defendant to issue the variance. The court provided only one sentence of explanation: "After researching this issue and reviewing the briefs of counsel the court is satisfied that the Plaintiff has complied with all requirements and as a result should be granted a variance." The court subsequently issued a February 4, 1998, order directing that the matter be set for a jury trial concerning the issue of damages. This Court granted defendant's application for leave to appeal.

Defendant argues that the trial court erred in granting plaintiff's petition for a writ of mandamus because the decision of the board of appeals was based on

competent, material, and substantial evidence and because a writ of mandamus is not a permissible remedy where an appeal as of right is available to the party seeking the writ. As set forth below, we agree that a writ of mandamus was not an appropriate remedy in this case.

Generally, "[t]he grant or denial of a variance is a discretionary action" and therefore is not subject to reversal through a writ of mandamus. *Dowerk v Oxford Charter Twp*, 233 Mich App 62, 75; 592 NW2d 724 (1998). Nevertheless, half a century ago, our Supreme Court repeatedly held that, where a zoning authority's denial of a variance constituted an abuse of discretion, a trial court could resort to a writ of mandamus to compel the authority to issue the permit sought. See, e.g., *Plum Hollow Golf & Country Club v Southfield Twp*, 341 Mich 84, 90; 67 NW2d 122 (1954); *Faucher v Grosse Ile Twp Bldg Inspector*, 321 Mich 193, 200; 32 NW2d 440 (1948); *Frischkorn Constr Co v Redford Twp Bldg Inspector*, 315 Mich 556, 565; 24 NW2d 209 (1946).

However, under the current court rules, writs of mandamus directed against inferior tribunals have given way to orders of superintending control. MCR 3.302 provides in pertinent part:

> (A) Scope. A superintending control order enforces the superintending control power of a court over lower courts or tribunals.
>
> (B) Policy Concerning Use. If another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed. See subrule (D)(2), and MCR 7.101(A)(2), and 7.304(A).

(C) Writs Superseded. A superintending control order replaces the writs of certiorari and prohibition and the writ of mandamus when directed to a lower court or tribunal.

(D) Jurisdiction.

(1) The Supreme Court, the Court of Appeals, and the circuit court have jurisdiction to issue superintending control orders to lower courts or tribunals. . . .

(2) When an appeal in the Supreme Court, the Court of Appeals, the circuit court, or the recorder's court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed.

This Court has explained, "In substituting superintending control for certiorari, mandamus, and prohibition, the intention was to eliminate frequent mistakes in the choice of remedies." *Lorland Civic Ass'n v DiMatteo*, 10 Mich App 129, 137; 157 NW2d 1 (1968). Nevertheless, despite the provisions of MCR 3.302 (and its predecessor, GCR 1963, 711), this Court has continued to refer to both mandamus and superintending control in zoning cases without acknowledging any need to distinguish between them. See, e.g., *Dowerk, supra* at 75 (mandamus); *Krohn v Saginaw*, 175 Mich App 193, 197-198; 437 NW2d 260 (1988) (superintending control); *Shacket v Highland Twp*, 15 Mich App 543, 544; 166 NW2d 821 (1969) (mandamus).

Because, under MCR 3.302(C), a superintending control order replaces the writ of mandamus when directed to a lower court or tribunal, a municipal zoning authority is subject to the circuit court's superintending control, not its power of mandamus. See *Krohn, supra*. Therefore, we hold that the trial court erred in issuing a writ of mandamus requiring defend-

ant to grant plaintiff's request for a variance. Moreover, we caution the bench and bar in the future to take care to distinguish petitions for mandamus from those for superintending control.

Given the historical recognition our Supreme Court has afforded writs of mandamus as a vehicle for relief from adverse zoning decisions, the fact that superintending control and mandamus are closely related actions, and this Court's failure to distinguish between the two actions in zoning cases, we believe that to reverse here solely because the trial court issued a writ of mandamus instead of an order of superintending control would be to elevate form over substance. Nevertheless, we find that reversal is warranted because neither superintending control nor mandamus is an appropriate remedy where the issue concerned is subject to resolution on appeal. See MCR 3.302(D)(2); *Lake Angelo Associates v White Lake Twp*, 198 Mich App 65, 73; 498 NW2d 1 (1993). Pursuant to MCL 125.585(11); MSA 5.2935(11), plaintiff had the right to appeal the decision of the zoning board of appeals in the circuit court. MCR 3.302(D)(2) expressly provides, "If superintending control is sought and an appeal is available, the complaint for superintending control *must* be dismissed" (emphasis added). Thus, because an appeal of the decision to deny her request for a variance was available to plaintiff, the trial court erred in granting her request for an extraordinary writ.

Reversed. Plaintiff has twenty-one days from the date of the release of this opinion to file a claim of appeal from the board of appeals' denial of her peti-

tion for a variance in the circuit court.[2] We do not retain jurisdiction.

---

[2] Plaintiff asserts on appeal that she has made out a prima facie case that defendant's entire zoning scheme is unconstitutional because massage services are completely excluded. However, in the trial court, plaintiff did not present a facial challenge to the zoning ordinance on the basis that it was exclusionary, but rather argued that the exclusionary effect of the ordinance militated in favor of her entitlement to a variance. Because plaintiff's argument on appeal is a new one, and defendant has had no opportunity to defend the ordinance's constitutionality, we decline to address the issue. Plaintiff is, of course, free to challenge the constitutionality of the zoning ordinance in an appeal to the circuit court.