# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

MARY ANN LAMKIN,

      Plaintiff-Appellant,

v

HAMBURG TOWNSHIP BOARD OF
TRUSTEES and HAMBURG TOWNSHIP
ZONING ADMINISTRATOR,

      Defendants-Appellees.

FOR PUBLICATION
January 19, 2017

No. 328836
Livingston Circuit Court
LC No. 15-028656-CZ

---

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

RONAYNE KRAUSE, P.J. *(concurring in part and dissenting in part)*

      I wholeheartedly agree with Judge Gleicher's observation that a party's right to seek redress in this Court does not depend on whether they filed a motion for reconsideration below. However, while I understand my colleagues' reaction to the trial court's nearly-immediate disposition of this case, I disagree that the trial court was not permitted to summarily dismiss plaintiff's case *sua sponte* without providing her advance notice that it was considering doing so. Furthermore, I find my colleagues' concerns about the sufficiency of the trial court's order baffling. Under the circumstances, I nevertheless find the possibility that the trial court did deprive plaintiff of her due process rights by preventing her from filing a motion for reconsideration sufficiently troubling that I would remand for an evidentiary hearing on that issue.

      Plaintiff's complaint sought a writ of mandamus, an application for superintending control, and an order to show cause, all generally to the effect that defendants were allegedly failing to enforce a zoning ordinance that plaintiff's neighbors were allegedly violating. This Court looks to the substance of pleadings rather than the formal names or labels given by the parties. *Hurtford v Holmes*, 3 Mich 460, 463 (1855); *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011). It is clear from the complaint that plaintiff's "show cause" count really is a request for a preliminary injunction, not a true cause of action. It is therefore entirely dependent on the validity of her other two counts.

      The distinction between a claim for mandamus and a claim for superintending control is an often confused one. See *Choe v Flint Charter Twp*, 240 Mich App 662, 665-667; 615 NW2d 739 (2000). However, they both seek to accomplish essentially the same thing and on essentially

the same bases; "superintending control" is directed to a lower court or tribunal, and "mandamus" is directed to a public official. See *Jones v Dep't of Corrections*, 468 Mich 646, 658; 664 NW2d 717 (2003) and *In re Payne*, 444 Mich 679, 687-689; 514 NW2d 121 (1994). However, they are so closely related that they are sometimes treated as effectively synonymous. See, e.g., *Kelly v Bd of Law Examiners*, 447 Mich 1204; 526 NW2d 915 (1994); *Scullion v Bd of Law Examiners*, 102 Mich App 711, 716 n 3; 302 NW2d 290 (1981); *Choe*, 240 Mich App at 667. Both serve as vehicles for compelling the performance of a clear legal duty. *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 680; 194 NW2d 693 (1972).

Significantly, however, a right to mandamus or superintending control depends on the clear legal duty being effectively ministerial and the plaintiff being without any other remedy. *Taylor v Smith*, 343 Mich 440, 444; 72 NW2d 146 (1955); *Cadle Co v City of Kentwood*, 285 Mich App 240, 246; 776 NW2d 145 (2009). They can serve to compel the *exercise* of discretion, but not the *outcome* of any such exercise. *Teasel v Dep't of Mental Health*, 419 Mich 390, 410; 355 NW2d 75 (1984). Any legal right held by the plaintiff must be distinct from legal rights held by citizens generally. *Inglis v Public School Employees Retirement Bd*, 374 Mich 10, 13; 131 NW2d 54 (1964). "A court does not abuse its discretion in refusing to grant a writ of superintending control where the party seeking the writ fails to establish grounds for granting a writ." *Cadle Co*, 285 Mich App at 246. It is manifestly clear from plaintiff's complaint that the trial court's determination was correct, and precisely what record development my colleagues believe necessary escapes me.

Plaintiff alleged nothing that even hinted that she held a right to the enforcement of defendants' zoning ordinance distinct from rights held by the public generally, and the most generous interpretation of the allegations set forth in the complaint indicates that there is no way she could. A private citizen may in appropriate circumstances bring an action to abate a public nuisance caused by the violation of a zoning ordinance where the nuisance affects the private citizen in some way distinct from the general public. MCL 125.3407; *Towne v Harr*, 185 Mich App 230, 232-233; 460 NW2d 596 (1990). That is not the action plaintiff sought here. See *Unger v Forest Home Twp*, 65 Mich App 614, 618; 237 NW2d 582 (1975). Even beyond that failing, plaintiff's complaint contains extensive invective regarding various alleged illegalities but no specification of how she has in any way been harmed, let alone harmed in a way distinct from the general public.[1] The trial court correctly observed that a direct challenge to the actions of the zoning board regarding the issuance or enforcement of zoning *regarding the property of someone else* is unmaintainable because plaintiff lacks standing to do so. *Id*. I fail to understand how the trial court's opinion to that effect is deficient.

The trial court's nearly immediate *sua sponte* disposition of this case certainly might be perceived as startling. It is not, however, impermissible. My colleagues would read into MCR 2.116(I)(1) a requirement not written therein and already well-established by case law as not

---

[1] Additionally, although plaintiff's complaint is not a model of coherent articulation, it appears that she seeks to compel not a ministerial act or even the exercise of discretion per se, but rather a particular discretionary determination.

existing. Trial courts are under enormous stresses to bring actions to conclusions within deadlines imposed not only by the needs of the parties before them, but also administratively dictated artificial deadlines. Where it is readily apparent from the pleadings that a party's claims are not actionable or the matter is otherwise impossible to succeed on, MCR 2.116(I)(1) is one of a tiny number of tools given to the trial courts to help them allocate their finite resources to cases with at least possible merit. Although I do believe it would be the better practice, this Court has established that due process does *not* necessarily *require* prior notice and a prior opportunity to be heard when *sua sponte* dismissing an action under MCR 2.116(I)(1). *Al-Maliki v LaGrant*, 286 Mich App 483, 485-486; 781 NW2d 853 (2009). My colleagues invent such a requirement out of thin air. "[D]ue process can be satisfied by affording a party an opportunity for rehearing." *Id*. at 486.

The concerning element in this appeal derives from plaintiff's contention that the trial court did not, in fact, afford her an opportunity to file a motion for reconsideration. More specifically, she contends that she attempted to file such a motion, but that she was told by the trial court's administrative staff that she was not permitted to file postjudgment motions. Although plaintiff provides no concrete evidence of this, I appreciate that it is not obvious how she could do so presently. If true, I would find it impossible to deem such a denial of due process harmless, no matter how overwhelmingly meritless the complaint might appear. Therefore, I would remand for the limited purpose of requiring the trial court to hold an evidentiary hearing to determine whether the trial court truly prevented plaintiff from filing a motion for reconsideration, and I would retain jurisdiction.

/s/ Amy Ronayne Krause