HECHT v NILES TOWNSHIP

Docket No. 104396. Submitted July 13, 1988, at Grand Rapids. De-
cided December 5, 1988.

Plaintiffs, Myron A., Esther M. and Philip F. Hecht, own land in
Niles Township which is zoned R-1B, for single family resi-
dences. The land has been used through special permit for
some twenty years for a horse stable and related sales. Plain-
tiffs also have meeting and banquet halls on the property
which are offered for political and public gatherings and there
is a health club, swimming pool and a summer camp. In 1985,
plaintiffs applied for and received a special use permit from the
township's planning commission to allow the development of a
harness horse racing track on the land. Other residents of the
township appealed to the township's zoning board of appeals,
which reversed the planning commission's decision. Plaintiffs
did not appeal, but filed an application to rezone from R-1B to
GB, general business, in accordance with the township planning
commission's comprehensive plan. The planning commission
recommended the rezoning. However, the township board of
zoning appeals denied plaintiffs' rezoning request. Plaintiffs
then brought an action in the Berrien Circuit Court seeking to
have the zoning ordinance restriction declared unconstitutional
as applied to their property. Plaintiffs alleged that the ordi-
nance was unreasonable, arbitrary, discriminatory, and an
undue invasion of their private constitutional rights without
reasonable justification in relation to the public welfare. Plain-
tiffs did not attack the ordinance on a wrongful taking or
confiscation ground. The township and intervening defendants,
River Pines Place, Inc., and Phyllis Kane, moved for summary
disposition. The trial court, Ronald J. Taylor, J., granted the
motion holding that plaintiffs could not meet the burden of
proving that the restriction on their property precluded its use

REFERENCES

Am Jur 2d, Zoning and Planning §§ 11 *et seq.,* 25 *et seq.,* 352 *et seq.*
Motive of members of municipal authority approving or adopting
zoning ordinance or regulation as affecting its validity. 71 ALR2d
568.

for any purposes to which it was reasonably adapted. Plaintiffs appealed.

The Court of Appeals *held:*

1. A substantive due process challenge is separate and distinct from a confiscation challenge to a zoning ordinance and a separate analysis is required for each type of challenge.

2. The rule that an ordinance comes to the court clothed with every presumption of validity applies to all ordinances, regardless of the theory under which a property owner makes a challenge as to its constitutionality.

3. The rule that it is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property and that it must appear that the clause attacked is an arbitrary fiat, a whimsical ipse dixit, and that there is no room for a legitimate difference of opinion concerning its reasonableness applies to a challenge to a zoning ordinance which has as its basis the reasonable relationship of land use regulation under the police power of a governmental unit to public health, safety, morals, or general welfare.

4. The rule that, to sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted applies to a challenge to a zoning ordinance which has as its basis a claim of confiscation or wrongful taking under the Fifth or Fourteenth Amendments.

5. The rule that an appellate court is inclined to give considerable weight to the findings of the trial judge in equity cases applies regardless of the theory or theories advanced.

6. Plaintiffs do not need to show that the R-1B classification precludes use of their land for any purposes to which it is reasonably adapted since they do not allege that the zoning ordinance is confiscatory as applied to their property.

7. Plaintiffs have stated a claim upon which relief can be granted. The trial court erred in holding otherwise.

Reversed and remanded.

1. ZONING — DUE PROCESS — CONFISCATION.

   A substantive due process challenge is separate and distinct from a confiscation challenge to a zoning ordinance and a separate analysis is required for each type of challenge.

2. ZONING — CHANGE OF ZONING CLASSIFICATION — APPEAL.

   . The correct test for judicial review of requested zoning changes is

that the plaintiff requesting rezoning must show that there is no reasonable governmental interest being advanced by the present zoning classification itself or that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question.

3. ZONING — APPEAL — PRESUMPTION OF VALIDITY.

A zoning ordinance comes to court clothed with every presumption of validity, regardless of the theory under which a property owner makes a challenge as to its constitutionality.

4. ZONING — APPEAL — BURDEN OF PROOF — REASONABLENESS.

It is the burden of the party attacking a zoning ordinance to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property; it must appear that the clause attacked is an arbitrary fiat, a whimsical ipse dixit, and that there is no room for a legitimate difference of opinion concerning its reasonableness; this rule applies to a challenge which has as its basis the reasonable relationship of land use regulation under the police power of a governmental unit to public health, safety, morals, or general welfare.

5. ZONING — APPEAL — REASONABLENESS.

An aggrieved property owner, to sustain an attack on a zoning ordinance, must show that if the ordinance is enforced the consequent restrictions on his property will preclude its use for any purpose to which it is reasonably adapted; this rule applies to a challenge which has as its basis a claim of confiscation or wrongful taking under the Fifth or Fourteenth Amendments.

6. APPEAL — EQUITY.

Appellate courts are inclined to give considerable weight to the findings of the trial judge in equity cases regardless of the theory or theories advanced.

*Hadsell, Landgraf & Smith* (by *Peter W. Smith* and *Christopher J. Lynch*), for plaintiffs.

*Robert W. Cary,* for Niles Township.

*Murray C. Campbell,* for River Pines Place, Inc.

*R. McKinley Elliott,* for Phyllis Kane.

Before: Weaver, P.J., and Gillis and M. J. Talbot,* JJ.

M. J. Talbot, J. Plaintiffs appeal as of right from the circuit court's order granting summary disposition under MCR 2.116(C)(8) in favor of defendant, Niles Township, and the intervening defendants, River Pines Place, Inc., and Phyllis Kane.

This case involves a challenge to the township's zoning ordinance. Plaintiffs own a parcel of land located in the township which, although zoned for residential use, has been used through special permit for some twenty years by plaintiffs and their predecessors in interest as a horse stable which boards, trains and sells horses, and provides veterinary services. Plaintiffs also run a tack store, sell related riding apparel, offer their public meeting and banquet halls for political and public gatherings, offer a health club and swimming pool, and sponsor summer camps.

In early 1985, plaintiffs began planning to develop a harness horse racing track on their property. Because the property was zoned as R-1B, one family residential property, under the township's revised 1980 zoning ordinance, plaintiffs applied for and received a special use permit from the township's planning commission to allow the development of the harness track on their property. Some of the township's property owners and residents appealed to the township's zoning board of appeals, which reversed the planning commission's decision. Plaintiffs did not appeal the board's decision.

Instead, plaintiffs filed an application to rezone their property from R-1B to GB, general business, in

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

accordance with the township planning commission's November, 1977, comprehensive plan for the township. The township planning commission recommended the rezoning. The Berrien County Planning Commission also recommended approval, albeit conditionally, of plaintiffs' application. However, the township board of zoning appeals denied plaintiffs' rezoning request.

Plaintiffs then filed suit in Berrien Circuit Court seeking to have the zoning ordinance restriction declared unconstitutional as applied to their property. They alleged, inter alia, that the ordinance was unreasonable, arbitrary, discriminatory, and an undue invasion of their private constitutional rights without reasonable justification in relation to the public welfare. Plaintiffs did not attack the zoning ordinance on a wrongful taking or confiscation ground.

The township moved for summary disposition pursuant to MCR 2.116(C)(8). Intervening defendants joined in the township's motion. The trial court granted the motion, holding that plaintiffs could not meet the burden of proving that the restriction on their property precluded its use for any purposes to which it was reasonably adapted.

Plaintiffs argue that the trial court erred in granting the motion, raising two issues for our review: (1) whether, in order to sustain an attack on a zoning ordinance, an aggrieved property owner must, without exception, show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purpose to which it is reasonably adapted, and (2) whether the complaint in this case fails to state a claim upon which relief may be granted.

Plaintiffs argue that the trial court mistakenly intertwined the standards that apply to the different constitutional theories of relief under which

landowners can challenge the validity of a zoning ordinance. Plaintiffs contend that a close reading of the landmark Michigan case in the area of constitutional challenges to zoning, *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974), indicates that a substantive due process challenge is separate and distinct from a confiscation challenge to a zoning ordinance. We agree and distinguish the line of cases which appear to hold otherwise.

Justice WILLIAMS, writing separately in *Nickola v Grand Blanc Twp,* 394 Mich 589; 232 NW2d 604 (1975), was the first to extrapolate from *Kropf* a series of four rules to be applied to constitutional challenges to zoning ordinances. These four rules were once again presented in the majority opinion in *Kirk v Tyrone Twp,* 398 Mich 429, 439-440; 247 NW2d 848 (1976), by Justice WILLIAMS:

> The important principles require that for an ordinance to be successfully challenged plaintiffs prove:
>
> "[F]irst, that there is no reasonable governmental interest being advanced by the present zoning classification itself . . . or
>
> "[S]econdly, that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question." 391 Mich 139, 158.
>
> The four rules for applying these principles were also outlined in *Kropf.* They are:
>
> 1. " '[T]he ordinance comes to us clothed with every presumption of validity.' " 391 Mich 139, 162, quoting from *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425; 86 NW2d 166 (1957).
>
> 2. " '[I]t is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property . . . . It must appear that

the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness.' " 391 Mich 139, 162, quoting *Brae Burn, Inc.*

3. "Michigan has adopted the view that to sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted." 391 Mich 139, 162-163.

4. " 'This Court, however, is inclined to give considerable weight to the findings of the trial judge in equity cases.' " 391 Mich 139, 163, quoting *Christine Building Co v City of Troy,* 367 Mich 508, 518; 116 NW2d 816 (1962).

The trial court here relied on Rule No. 3 of *Kropf* in its opinion. Many trial courts and, indeed, we believe, some panels of this Court have unfortunately misinterpreted these rules and thus have mistakenly intertwined the standards applicable to the different theories of relief, with the result that they have held that a property owner must prove confiscation to succeed in any challenge to a zoning ordinance. We believe that a careful reading of *Kropf,* in particular the context from which these rules were extrapolated, reveals what we perceive as the proper application of the four rules:

1. Rule No. 1 applies to all ordinances, regardless of the theory under which a property owner makes a challenge as to its constitutionality;

2. Rule No. 2 applies to a challenge to a zoning ordinance which has as its basis the reasonable relationship of land use regulation under the police power of a governmental unit to public health, safety, morals, or general welfare;

3. Rule No. 3 applies to a challenge to a zoning ordinance which has as its basis a claim of confis-

cation or wrongful taking under the Fifth or Fourteenth Amendments;

4. Rule No. 4 applies to an appellate court's review of a trial court's findings regardless of the theory or theories advanced.

We now proceed to our examination of *Kropf* and the context from which the four rules were taken.

The plaintiffs in *Kropf* challenged a zoning ordinance, which restricted the use of their land to single family residences, on both substantive due process and Fifth Amendment confiscation grounds. The Court carefully dealt with each theory of relief separately. In dealing first with the substantive due process claim, the Court said that "[a] plaintiff-citizen may be denied substantive due process by the city or municipality by the enactment of legislation, in this case a zoning ordinance, which has, in the final analysis, no reasonable basis for its very existence." 391 Mich 157. That "reasonable basis" must be grounded in the police power, which our courts have defined as including "protection of the safety, health, morals, prosperity, comfort, convenience and welfare of the public, or any substantial part of the public." *Cady v Detroit,* 289 Mich 499, 504-505; 286 NW 805 (1939). The *Kropf* Court then analyzed a due process challenge:

In looking at this "reasonableness" requirement for a zoning ordinance, this Court will bear in mind that a challenge on due process grounds contains a two-fold argument; first, that there is no reasonable governmental interest being advanced by the present zoning classification itself, here a single family residential classification, or secondly, that an ordinance may be unreasonable because of the purely arbitrary, capricious and

unfounded exclusion of other types of legitimate land use from the area in question. [391 Mich 158.]

Thus, a zoning ordinance is invalid if it fails to advance a legitimate governmental interest or if it is an unreasonable means of advancing a legitimate governmental interest. *Troy Campus v City of Troy,* 132 Mich App 441; 349 NW2d 177 (1984).

In *Kropf,* the Court determined that the plaintiffs' proofs were more directly related to the second aspect of the due process argument, the arbitrary and capricious restriction of the plaintiffs' land use to single family residences. In concluding that the plaintiffs failed to show that the city acted in an arbitrary or capricious manner, the Court noted that a governmental unit is presumed to have acted for rational and valid reasons in enacting an ordinance and that to sustain a claim that a restriction is arbitrary and capricious a plaintiff must overcome that presumption by showing that the governmental unit did not act for such reasons or that no such grounds reasonably exist with respect to the parcel in question.

The Court quoted with approval the statements of Justice SMITH in *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425, 432; 86 NW2d 166 (1957):

"It is a necessary corollary of the above that the ordinance comes to us clothed with every presumption of validity, *Hammond v B H Building Inspector,* 331 Mich 551 [50 NW2d 155 (1951)], and it is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property. *Janesick v Detroit,* 337 Mich 549 [60 NW2d 452 (1953)]. This is not to say, of course, that a local body may with impunity abrogate constitutional restraints. The point is that we require more than a debatable question. We require more than a fair difference of opinion. It

must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit*, and that there is no room for a legitimate difference of opinion concerning its reasonableness." [391 Mich 162.]

Hence, *Kropf*'s Rule No. 1 and Rule No. 2 were extrapolated from the above-quoted passage. We have no doubt that the Court intended to accord all ordinances the presumption of validity. Moreover, since the Court at that point was confining its discussion to the substantive due process claim raised by the plaintiffs, we are equally certain that the Court intended Rule No. 2 to apply in a situation where a challenge is made regarding the "reasonable" relationship to the public health, safety, morals, or general welfare. We note here that the term "reasonable" may accurately describe the standards of review under both substantive due process and confiscation analyses. If, for example, a zoning ordinance is confiscatory, it is clearly unreasonable. See *Smith v Village of Wood Creek Farms*, 371 Mich 127; 123 NW2d 210 (1963). The use of the term "reasonable" to describe both types of ordinances obscures the fact that a separate analysis is required for each type of challenge. However, the *Kropf* Court was clearly applying it in terms of substantive due process.

*Kropf* continues to make apparent the fact that a distinct analysis must be used where a claim is made that the zoning ordinance results in confiscation of the plaintiff's land without just compensation. After analyzing the plaintiffs' substantive due process claim, the Court then *separately* addressed the confiscation argument advanced by the plaintiffs:

Turning now to the issue upon which plaintiffs presented almost the totality of their proofs, we consider whether, in this situation, plaintiffs' prop-

erty has been so restricted as to amount to a confiscation of their property. Michigan has adopted the view that to sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted. [391 Mich 162-163 (citing *Brae Burn, Inc,* 350 Mich 434-435).]

It is from this statement that Rule No. 3 has been taken.

The view expressed in Rule No. 3 is originally found in the landmark New York case of *Arverne Bay Construction Co v Thatcher,* 278 NY 222; 15 NE2d 587 (1938), and was discussed in the context of the plaintiff's assertion that a New York City zoning ordinance constituted a confiscatory taking of his property without just compensation. Furthermore, *Brae Burn, Inc, supra,* refers to the *Arverne Bay* case in the context of its discussion of the confiscation argument advanced by its plaintiff. See also 1 Anderson, American Law of Zoning (3d ed), § 3.27, pp 169-170.

We believe that the *Kirk* Court clearly understood and properly applied this rule to situations where a plaintiff was challenging the confiscatory nature of a zoning ordinance. *Kirk* returned to the root of the rule as found in *Kropf* and stated:

In *Kropf* we required the property owner claiming confiscation to prove that application of the existing ordinance to his property would "preclude its use for any purpose to which it is reasonably adapted." 391 Mich 139, 163. [398 Mich 444.]

We also find *Robinson Twp v Knoll,* 410 Mich 293; 302 NW2d 146 (1981), to be instructive on this point. There, the landowners did not raise a confis-

cation argument, but, instead, challenged the zoning ordinance solely on the ground of reasonable relationship to the police powers of the township. The Court, accordingly, addressed only the due process analysis and did not apply or even discuss the degree of proof required by Rule No. 3 of *Kropf.*

Other panels of this Court have also properly drawn the distinction between the burdens of proof required of landowners challenging an ordinance as being unreasonable and those making a confiscation claim. In *Troy Campus,* 132 Mich App 450-451, the plaintiff challenged a zoning ordinance on alternative constitutional grounds and this Court held:

> This Court, while giving deference to the findings of the trial court, must review the record in a zoning case *de novo. Kropf, supra,* p 163. Although we hold that the R-1B classification of plaintiff's property is invalid because it fails to reasonably advance a legitimate governmental interest, we feel it necessary also to discuss the fundamental issues raised by the trial court's view of the burden imposed on a landowner making a confiscation claim.
>
> \* \* \*
>
> In Michigan, the test for determining whether a zoning ordinance is invalid because it is confiscatory is whether the restrictions the ordinance imposes on the use of the property "preclude its use for any purposes to which it is reasonably adapted." *Kropf, supra,* pp 162-163.

To apply the third rule of *Kropf* in any other manner virtually assures that a landowner must prove confiscation to successfully challenge an ordinance, regardless of the theory being asserted. We do not believe that our Supreme Court in-

tended to require a confiscation standard in all zoning cases. We thus recommend vigilance by the courts in distinguishing separate theories of relief and in applying the appropriate analyses, particularly when an action alleges both unreasonableness within the meaning of substantive due process and unreasonableness within the meaning of the Fifth or Fourteenth Amendments without making specific and separate allegations relating to each of these theories.

As to Rule No. 4 of *Kropf,* we note the following guideline which the Court laid down for any court reviewing zoning cases de novo:

> "This Court, however, is inclined to give considerable weight to the findings of the trial judge in equity cases. This is primarily because the trial judge is in a better position to test the credibility of the witnesses by observing them in court and hearing them testify than is an appellate court which has no such opportunity. We do not ordinarily disturb the findings of the trial judge in an equity case, unless, after an examination of the entire record, we reach the conclusion we would have arrived at a different result had we been in the position of the trial judge." [391 Mich 163, quoting *Christine Building Co v Troy,* 367 Mich 518.]

We conclude that this rule, like Rule No. 1, was intended to apply to all zoning cases, regardless of which theory of relief is raised.

We do not intend by our opinion to limit challenges to zoning ordinances to the theories discussed herein. We have not discussed here other theories, such as procedural due process and equal protection of the law, under which the validity of a zoning ordinance may be challenged, because they are not at issue here.

Returning to the case at bar, since plaintiffs are not alleging that the township zoning ordinance is confiscatory as applied to their property, we hold that they do not need to show that the R-1B classification precludes use of their land for any purposes to which it is reasonably adapted. Plaintiffs would still be required to bear the burdens set forth under Rules 1, 2, and 4 of *Kropf.*

Finally, we are asked to consider whether the complaint in this case states a claim upon which relief can be granted. After a careful review of plaintiffs' pleadings, we hold that they have established a legal basis upon which relief can be granted and that the claim is not so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Beaudin v Michigan Bell Telephone Co,* 157 Mich App 185, 187; 403 NW2d 76 (1986). Thus, the trial court erred in granting the township's and the intervening defendants' motion for summary disposition under MCR 2.116(C)(8).

Reversed and remanded for proceedings consistent with this opinion.