# STATE OF MICHIGAN

# COURT OF APPEALS

GREGG D. STOLL,
d/b/a SUPERIOR RESOURCE SOLUTIONS,

       Plaintiff-Appellant,

v

LUCE MACKINAC ALGER SCHOOLCRAFT
DISTRICT HEALTH DEPARTMENT BOARD
OF HEALTH, NICK DERUSHA, and JENNIFER
HUBBLE,

       Defendants-Appellees,

and

PEPPER VANLANDSCHOOT,

       Defendant.

UNPUBLISHED
October 21, 2014

No. 316287
Schoolcraft Circuit Court
LC No. 2012-004589-CZ

Before: MURPHY, C.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's dismissal of his complaint in its entirety under MCR 2.116(C)(7) (governmental immunity) and (C)(8) (failure to state a claim for which relief can be granted). We affirm.

Plaintiff Gregg D. Stoll is licensed as a designer and installer of aerobic treatment units as an alternative to conventional septic units. As a regular part of his business, plaintiff applies for septic permits as well as septic and well approvals for new land development. Defendant Luce Mackinac Alger Schoolcraft District Health Department Board of Health (board) is a multiple county health board authorized under MCL 333.2415. Defendant Nick Derusha is employed by the board as its administrative health officer. Defendant Jennifer Hubble is employed by the board as a sanitarian.

Plaintiff's multiple-count complaint asserts a variety of allegations of tortious interference with advantageous business relations, defamation, violations under 42 USC 1983, due process and equal protection violations under both the federal and Michigan constitutions,

-1-

and a mandamus claim.[1] Plaintiff requested monetary relief and injunctive relief to prevent the board form hiring and employing unqualified staff, from violating plaintiff's constitutional rights, and to prevent enforcement of sections 3 and 7 of the technical manual. Instead of answering plaintiff's complaint, defendants filed a motion for summary disposition under MCR 2.116(C)(7) and (C)(8), which the trial court granted.

Plaintiff argues that the trial court failed to take all the factual allegations of his complaint as true for purposes of deciding the motion, improperly considered extraneous information and decided factual issues, failed to afford him the opportunity to amend his pleadings, and erroneously ruled that there is no intentional tort exception to immunity for the board. Further, he maintains that the application of governmental immunity to a person improperly serving in an executive capacity is an issue of first impression.

This Court reviews a trial court's grant of summary disposition motion de novo. *Corley v Detroit Bd of Ed*, 470 Mich 274, 277; 681 NW2d 342 (2004). A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone in order to determine whether the plaintiff has stated a claim upon which relief can be granted. *Id.* This Court reviews the applicability of governmental immunity de novo. *Herman v City of Detroit,* 261 Mich App 141, 143; 680 NW2d 71 (2004). A motion for summary disposition under MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law and requires consideration of all documentary evidence submitted by the parties. *Miller v Lord,* 262 Mich App 640, 643; 686 NW2d 800 (2004). "To survive a motion for summary disposition brought under MCR 2.116(C)(7), the plaintiff must allege facts warranting the application of an exception to governmental immunity." *Id.* "[A]ll well-pleaded allegations must be accepted as true and construed in favor of the nonmoving party, unless contradicted by any affidavits, depositions, admissions, or other documentary evidence submitted by the parties." *Pierce v City of Lansing,* 265 Mich App 174, 177; 694 NW2d 65 (2005).

The trial court did not err in granting summary disposition to defendants on all counts under both MCR 2.116(C)(7) and (C)(8). While plaintiff makes a myriad of conclusory statements that he maintains establish an avoidance of governmental immunity and state valid claims, these statements are merely his conclusions of wrongdoing by defendants and not facts in support of those conclusions. Under MCR 2.116(C)(7) and (C)(8) only factual allegations, not legal conclusions, are to be taken as true. *Davis v City of Detroit*, 269 Mich App 376, 379; 711 NW2d 462 (2005). "A mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *Lawsuit Fin, LLC v Curry*, 261 Mich App 579, 592; 683 NW2d 233 (2004). Contrary to plaintiff's argument that the application of governmental immunity in this case was premature, our Supreme Court has stated that "[a] plaintiff filing suit against a governmental agency must initially plead his claims in avoidance of governmental immunity. Placing this burden on the plaintiff relieves the government of the

---

[1] On appeal, plaintiff asserts that he is not pursuing the mandamus claim.

expense of discovery and trial in many cases." *Odom v Wayne Co*, 482 Mich 459, 478-479; 760 NW2d 217 (2008).

Defendant board is entitled to absolute immunity on plaintiff's claims. Under MCL 691.1407(1) a governmental agency is immune from tort liability if the agency is engaged in the exercise or discharge of a governmental function. "A '[g]overnmental function' is an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(b); *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 483; 722 NW2d 906 (2006). In this case the board is an agency established under MCL 333.2415 and was engaged it its statutory function of protecting the public health by, among other duties, regulating septic waste treatment. Therefore, to any extent the tort claims are alleged directly against the board, the claims are barred by governmental immunity.

Turning to the individual defendants, defendant Derusha is immune from tort liability as the highest appointed executive official of the board. The "highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her . . . executive authority." MCL 691.1407(5). No facts pleaded by plaintiff show that Derusha was acting outside the scope of his authority. The particular actions asserted in the complaint are delegated by statute. MCL 333.2433(1). To the degree that any duty would be delegated to a lower-ranking employee, the duty would still remain within Derusha's authority. *Petipren v Jaskowski*, 494 Mich 190, 212; 833 NW2d 247 (2013). Derusha is also protected by MCL 691.1407(5) against liability for plaintiff's claim that Derusha defamed plaintiff at a board meeting. "A local health officer or an employee or representative of a local health department is not personally liable for damages sustained in the performance of local health department functions, except for wanton and wilful misconduct." MCL 333.2465. Plaintiff pleaded no facts supporting his conclusory allegations of wanton and willful misconduct. Plaintiff also argues that Derusha is not entitled to immunity in that he was not qualified for the position he held because he lacked a graduate degree in public health. However, MCL 691.1407(5) clearly indicates that the highest executive official is entitled to immunity and makes no indication that the qualifications of the official should be considered. Therefore, Derusha is immune from all tort claims.

Defendant Hubble also cannot be held liable for plaintiff's tort claims and is entitled to governmental immunity if:

> "(a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,

> (b) the acts were undertaken in good faith, or were not undertaken with malice, and

> (c) the acts were discretionary, as opposed to ministerial." [*Odom*, 482 Mich 459.]

To the extent that plaintiff's complaint clearly alleges actions taken by Hubble, all of her actions were discretionary and done in the course of her employment as a sanitarian. While plaintiff concluded that she acted with malice, he offered no facts to support his conclusions. Plaintiff complains that Hubble wrote to his clients in 2008 and 2009 regarding maintenance contracts that she needed to approve. He also alleges that in 2009 Hubble sent a list of maintenance providers for plaintiff's products and he did not approve of the list, which did not include some of plaintiff's subcontractors. However, there is nothing in the complaint that alleges these actions were not discretionary actions done during her employment as sanitarian for a multiple county health board. Plaintiff pleads that she was acting in a discretionary manner. Furthermore plaintiff offers no facts to show that Hubble acted willfully or wantonly under MCL 333.2465. Therefore, Hubble is also entitled to governmental immunity against plaintiff's tort claims.

Plaintiff's suggestion that the board be held vicariously liable for the intentional actions of defendants Hubble and Derusha also fails. Vicarious liability may only be imposed on a governmental agency when "governmental immunity does not apply and an employee, while acting during the course of and within the scope of authority, commits a tort." *Malcolm v City of East Detroit*, 437 Mich 132, 134; 468 NW2d 479 (1991). In this case, governmental immunity does apply to the board and to both individual defendants.

For these reasons the trial court did not err in dismissing the tort claims under MCR 2.116(C)(7). Furthermore, the tort claims as well as the surviving federal and constitutional claims were also properly dismissed under MCR 2.116(C)(8). Counts I through V of plaintiff's complaint allege that defendants Hubble and Derusha tortiously interfered with an advantageous business relationship.

> "The elements of tortious interference with a business relationship are the existence of a valid business relationship or expectancy, knowledge of the relationship or expectancy on the part of the defendant, an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and resultant damage to the plaintiff. To establish that a lawful act was done with malice and without justification, the plaintiff must demonstrate, with specificity, affirmative acts by the defendant that corroborate the improper motive of the interference. Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference." [*Mino v Clio Sch Dist*, 255 Mich App 60, 78; 661 NW2d 586 (2003) (citations omitted).]

To prevail on his tortious interference claim, plaintiff must establish a per se wrongful act or the doing of a lawful act with malice and unjustified in the law for the purpose of invading plaintiff's business relationship with another. *CMI Int'l, Inc v Internet Int'l Corp*, 251 Mich App 125, 131; 649 NW2d 808 (2002). A "per se wrongful act" is an act that is inherently wrongful or cannot be justified under any circumstances. *Formall, Inc v Community Nat'l Bank*, 166 Mich App 772, 780; 421 NW2d 289 (1988).

In this case, plaintiff's complaint alleges only lawful acts under the statute that were done as part of the duties of both employees. Plaintiff fails to allege any act that was outside the scope

of either defendant's official duties in administering the Superior Health Code and technical manuals. While plaintiff asserts that defendants had an improper motive, he offers no facts to support this conclusion. Therefore, the tortious interferences counts were properly dismissed under MCR 2.116(C)(8).

Counts V and VI allege that defendants defamed plaintiff. As noted by the trial court, Count VI is barred by the statute of limitation because the complaint was filed more than one year after publication. MCL 600.5805(9). Additionally the statements alleged in the counts are not defamatory.

> "The elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." [*Mitan v Campbell*, 474 Mich 21, 24; 706 NW2d 420 (2005).]

Plaintiff calls Derusha's statement that plaintiff is not a licensed engineer defamatory. However, the statement is true and therefore cannot be the basis of a defamation claim. Regarding plaintiff's claim that Derusha told the board defamatory information at a board meeting, Derusha's statements at board meetings are privileged because keeping the board informed is among Derusha's duties as the executive officer. See *Domestic Linen Supply & Laundry Co v Stone*, 111 Mich App 827, 834; 314 NW2d 773 (1981). Plaintiff has not pleaded any facts taking Derusha's statements outside of this privilege. Therefore, the defamation claims in Counts V and VI were properly dismissed under MCR 2.116(C)(8).

The remaining counts of plaintiff's complaint allege federal and state due process and equal protection violations and violations of 42 USC 1983 based on the underlying constitutional violations. "Section 1983 provides a federal remedy against any person who, under color of state law or custom having the force of law, deprives another of rights protected by the constitution or laws of the United States." *Payton v City of Detroit*, 211 Mich App 375, 398; 536 NW2d 233 (1995) (citations omitted).

In Count VII, the complaint lists four employees, including defendant Derusha, and their years of employment with the board in various positions and alleges that they are unqualified because they lack certain degrees or training in public health. Plaintiff fails to explain how the board's hiring practices violate his constitutional rights. For this reason plaintiff fails to state a valid claim under MCR 2.116(C)(8).

Plaintiff alleges in Count VIII that in 2009 the board authorized a new technical manual without input from plaintiff or other parties with expertise and that the new proposed alternative treatment rules were without a scientific basis. Plaintiff claims the new rules harmed plaintiff's business because the rules for mound systems used by plaintiff's competitors were eased while the aerobic treatment system rules used by plaintiff were made more stringent. Plaintiff also asserts that the filter requirements are impermissibly vague and were written to intentionally damage plaintiff's business. Plaintiff asserts that the adoption of the new septic code violated his

rights to equal protection and due process under the Fourteenth Amendment and related Michigan constitutional provisions. He argues that he has causes of action for a civil rights violation under 42 USC 1983 and under Const 1963, art 1, § 2. It is unclear from plaintiff's complaint whether he asserts substantive or procedural due process violations or equal protection.

In any event plaintiff's claim is without merit. Plaintiff merely disagrees with being regulated and asserts he would be more profitable if he was not. This is not a valid claim. If a fundamental right is not involved in a due process claim, a regulation must only be rationally related to a legitimate governmental interest. *Electronic Data Sys Corp v Flint Twp,* 253 Mich App 538, 549; 656 NW2d 215 (2002). The protection of the public health is a legitimate government interest. *Hecht v Niles Twp,* 173 Mich App 453, 460; 434 NW2d 156 (1988). Unless dissimilar treatment in a plaintiff's equal protection claim hinges "on the exercise of a fundamental right or targets such protected classifications as those based on race or gender, the challenged regulatory scheme will survive equal protection analysis if it is rationally related to a legitimate governmental interest." *Dowerk v Oxford Charter Twp*, 233 Mich App 62, 73; 592 NW2d 724 (1998). Plaintiff alleges no disparate treatment infringing on a fundamental right or implicating a protected classification, and so the rational basis test applies in this situation. While plaintiff asserts that aerobic treatment systems are treated differently from mound systems, he never alleges that he is treated differently from other aerobic treatment providers. The board has rational and legitimate reasons to treat different treatment systems differently due to different risks and concerns. Plaintiff's contention that the failure to write a plain language definition of the word "filter" in the technical manual is "unconstitutional for vagueness" is without merit.

In Count IX, plaintiff generally alleges that from 2004 to 2012 the board and its employees knowingly and intentionally applied the code and manual such that his projects and systems were held to a high and exacting standard while other systems were "allowed to cheat on the septic rules on a large scale." As explained in the previous paragraph, the board had legitimate and rationally related reasons to treat different septic systems differently. Therefore, plaintiff fails to state a valid claim with this allegation.

Plaintiff also argues that the trial court erred in failing to allow him to amend his complaint. We disagree. For the counts dismissed under MCR 2.116(C)(8), the relevant court rules state "that the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." MCR 2.116(I)(5). "A party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." MCR 2.118(A)(2). A "trial court does not abuse its discretion in refusing to permit an amendment when the amendment would be futile." *Dukesherer Farms, Inc v Director of Dep't of Agriculture*, 172 Mich App 524, 530; 432 NW2d 721 (1988). In this case, the trial court did not abuse its discretion when it refused to allow plaintiff to amend his complaint. Plaintiff never expressly asked to be allowed to amend his complaint. Furthermore any amendment would be futile in light of the clear application of governmental immunity to all defendants and plaintiff's failure to state a proper claim.

Finally, to any degree the trial court relied on materials outside the complaint in rendering its decision, such materials were unnecessary for the determination and were valid acts of judicial notice under MRE 201 and MRE 202.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Michael J. Kelly