*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GAMUT GROUP, LLC,

        Plaintiff-Appellee,

v

CITY OF LANSING,

        Defendant-Appellant.

UNPUBLISHED
March 19, 2019

No. 341754
Ingham Circuit Court
LC No. 17-000639-CH

Before: STEPHENS, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

In this zoning dispute, defendant appeals as of right the trial court's order granting plaintiff declaratory and injunctive relief on its substantive due process claim under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. BASIC FACTS

Gamut Group has owned a building housing an unlicensed medical marijuana dispensary at the corner of Pennsylvania Avenue and Jolly Road in the city of Lansing since 2011. Its property is zoned E-2, permitting "local convenient type shopping," and J, permitting parking. In October 2017, the city passed a revised zoning ordinance that limited medical marijuana dispensaries to zoning districts F, F1, G2, H, and I, and required that they be licensed. A broader variety of commercial purposes are permitted in zone F. Aware that the ordinance amendment was imminent, Gamut Group sought rezoning of its property to F to accommodate its existing dispensary. Despite that the city's zoning administrator and planning board recommended approval of the rezoning request, despite any public objection, and despite that the other three corner lots at the intersection had been rezoned to F, the city council denied Gamut Group's request.

Gamut Group filed this declaratory judgment action, alleging that the denial of the rezoning application violated its right to substantive due process. The circuit court granted summary disposition in Gamut Group's favor pursuant to MCR 2.116(C)(10). The court agreed that the city treated Gamut Group's property differently than "everyone else on this intersection" and that no reasonable governmental interest was advanced by the denial of the rezoning

application. The court rejected the city's defense that Gamut Group could not establish damages because it had not yet applied for a license to operate its dispensary, noting that it was reasonable for the landowner to wait for rezoning before expending the nonrefundable license application fee.

## II. ANALYSIS

We review de novo a trial court's grant of summary disposition. *Salem Springs, LLC v Salem Twp*, 312 Mich App 210, 215; 880 NW2d 793 (2015). Constitutional issues are also reviewed de novo on appeal. *McDonald v Grand Traverse Co Election Comm*, 255 Mich App 674, 679; 662 NW2d 804 (2003).

> A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013) (cleaned up)[1].]

Both the Michigan and federal Constitutions guarantee procedural and substantive due process to landowners. Const 1963, art 1, § 17; US Const, Am XIV. "The underlying purpose of substantive due process is to secure the individual from the arbitrary exercise of governmental power." *People v Sierb*, 456 Mich 519, 523; 581 NW2d 219 (1998). Substantive due process requires that "a zoning ordinance . . . be reasonable in its operation." *Plum Hollow Golf & Country Club v Southfield*, 341 Mich 84, 87; 67 NW2d 122 (1954).

> We presume that a challenged zoning ordinance is valid. However, a plaintiff may establish that a land use regulation is unconstitutional, either on its face or "as applied" by showing (1) that there is no reasonable governmental interest being advanced by the present zoning classification or (2) that an ordinance is unreasonable because of the purely arbitrary, capricious, and unfounded exclusion of other types of legitimate land use from the area in question. [*Dorman v Clinton Township*, 269 Mich App 638, 650-651; 714 NW2d 350 (2006) (cleaned up).]

---

[1] This opinion uses the new parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, *Cleaning Up Quotations*, 18 J App Pract & Process 143 (2017).

The challenger must establish that the ordinance "serves no rational relation to the public health, safety, welfare and prosperity of the community," *id*. at 651 (cleaned up), and that "the governmental conduct [is] so arbitrary and capricious as to shock the conscience." *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 198; 761 NW2d 293 (2008).

The city first suggests that a different standard should apply in this case because Gamut Group is not challenging the validity of the city's zoning ordinance, but rather the city council's denial of its rezoning request. The city implies that Gamut Group did not have a constitutionally protected interest in a zoning classification that it did not already possess. This Court has repeatedly treated substantive due process challenges to a rezoning denial identically to challenges to an existing zoning ordinance. See *Grand/Sakwa of Northfield, LLC v Northfield Twp*, 304 Mich App 137; 851 NW2d 574 (2014); *Dorman*, 269 Mich App 638; *A & B Enterprises v Madison,* 197 Mich App 160, 161-162; 494 NW2d 761 (1992).

The city next contends that Gamut Group cannot establish that the denial of the rezoning request was arbitrary and capricious because the denial did not take away *all* reasonable uses for the land. In *Hecht v Niles Township*, 173 Mich App 453, 458; 434 NW2d 156 (1988), however, this Court held that "a substantive due process challenge is separate and distinct from a confiscation challenge to a zoning ordinance." The historic rule in *Kropf v Sterling Hgts*, 391 Mich 139, 163; 215 NW2d 179 (1974), that a party aggrieved by a zoning ordinance "must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted," applies only when the challenge "has as its basis a claim of confiscation or wrongful taking under the Fifth or Fourteenth Amendments." *Hecht*, 173 Mich App 459-460. If a taking or confiscation is not alleged, the challenger is not required to prove that all reasonable uses are precluded by the government's action. *Id.* at 466. Gamut Group did not allege a taking or confiscation of its land and therefore was not required to plead or prove that all reasonable uses for its land were precluded. Rather, in nonconfiscatory substantive-due-process zoning challenges such as the present case, "a zoning ordinance is invalid if it fails to advance a legitimate governmental interest or if it is an unreasonable means of advancing a legitimate governmental interest." *Id.* at 461.

The city argues that because Gamut Group's property was zoned E-2 since 1970 and the other three corners (although now zoned F) contain uses permitted in E-2 zones, the standing zoning remains reasonable. However, as noted, a government unit can only restrict otherwise lawful land use in order to advance a reasonable government interest. *Kropf*, 391 Mich at 158. For "a zoning ordinance to be valid [it] must bear a direct and substantial relation to the objectives of police power, the preservation of the public health, safety, morals, and general welfare, of the community as a whole." *Alberston v City of Saginaw*, 367 Mich 28, 33; 116 NW2d 53 (1962).

The subject property was occupied by a medical marijuana dispensary, which the city had allowed to operate since 2011. The zoning administrator concluded that continued use as a dispensary would be permitted under zoning classification F, but not under zoning classification E-2. Moreover, the administrator determined that the proposed use would not have negative impacts on vehicular or pedestrian traffic, would have no environmental impact, would not negatively impact future patterns of development in the area, and would be consistent with the commercial zoning already in existence. Accordingly, Gamut Group argued that when the

surrounding land use was taken into consideration, rezoning the property would not negatively impact the area. While the planning board unanimously approved Gamut Group's rezoning application, the city council denied the request. Before the circuit court, the city asserted that the new zoning regulations were intended to take dispensaries out of neighborhoods and contain them in business corridors. However, the city council did not explain its denial at the time.

The circuit court sagely noted that the area in question is a business corridor and not a residential area, so the belated explanation for the city council's rezoning denial could not be genuine. Moreover, the existing use would continue if the property was rezoned and there would be no change in traffic or the general character of the area. Rather, the denial of the rezoning request seemed to be political. As the city proffered no real explanation for why the denial of the rezoning request was necessary to preserve the public health, safety, morals, and general welfare, the circuit court properly determined that the denial did not advance a reasonable government interest and was instead arbitrary and capricious.

Finally, the city contends that its denial of the rezoning request did not amount to arbitrary and capricious "spot zoning." To show arbitrariness and capriciousness, a plaintiff must show that the city did not have a valid reason to exclude other uses from a particular piece of property. *Kropf*, 391 Mich at 158. The city did treat Gamut Group differently than the landowners on the other three corners of the intersection. The city council had rezoned the other parcels to F, but refused Gamut Group's request to do the same at its property. The city proffered no logical reason for this differential treatment. On this record, we discern no error in the circuit court's conclusion based on the record evidence that the rezoning denial was arbitrary and capricious and merited reversal.

We affirm.

/s/ Cynthia Diane Stephens
/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra