KEATON v VILLAGE OF BEVERLY HILLS

Docket No. 141587. Submitted October 19, 1993, at Lansing. Decided
December 6, 1993, at 10:00 A.M.

Daniel and Miriam Keaton brought an action in the Oakland
Circuit Court against the Village of Beverly Hills, seeking a
writ of mandamus requiring the defendant to grant them the
right to divide a lot they own in the village into two separate
parcels. The court, Fred M. Mester, J., granted summary dispo-
sition for the defendant on the basis that the plaintiffs had
failed to exhaust their legal remedies by failing to appeal to the
circuit court the defendant's denial of their request. The plain-
tiffs appealed.

The Court of Appeals *held:*

Because mandamus is appropriate only where all legal reme-
dies have been exhausted, and because the plaintiffs failed to
appeal to the circuit court the denial of their request to divide
their property, the court's granting of summary disposition was
proper.

Affirmed.

MANDAMUS — EXHAUSTION OF REMEDIES — VILLAGES.

A writ of mandamus is not an appropriate remedy with respect to
a denial by a village of a landowner's petition to subdivide land
where the landowner failed to appeal to the circuit court the
denial of the petition.

*Steven Rabinovitz, P.C.* (by *Steven Rabinovitz*),
for the plaintiffs.

*Thomas J. Ryan, P.C.* (by *Thomas J. Ryan*), for
the defendant.

Before: M. J. KELLY, P.J., and SHEPHERD and
MURPHY, JJ.

REFERENCES
Am Jur 2d, Mandamus §§ 46, 382.
See ALR Index under Mandamus.

Michael J. Kelly, P.J. Plaintiffs appeal as of right from a decision of the circuit court denying plaintiffs' motion for summary disposition and dismissing plaintiffs' complaint seeking a writ of mandamus to force defendant, Village of Beverly Hills, to grant a split of a parcel of land owned by plaintiffs. We affirm.

The essential facts are not in dispute. Plaintiffs are the owners of Lot 67, Cranbrook Woods Subdivision No. 1, in the Village of Beverly Hills, Michigan. Plaintiffs' personal residence is located on the west side of the lot. Plaintiffs desired to divide their lot into two separate parcels. Plaintiffs' lot was one of the larger lots in the subdivision, and, if the proposed division were approved, the two resulting smaller lots would still be larger than some of the other lots in the subdivision.

On November 16, 1989, plaintiffs submitted an application to the Village of Beverly Hills requesting the split. The village commissioned McKenna Associates, Inc., to conduct a study of the effect that the proposed split would have on the community. After conducting its study and finding that both lots would exceed the required minimum lot area of 25,000 square feet, McKenna recommended that the split be allowed.

On January 10, 1990, the village planning board held a hearing. In a 7-1 vote, the planning commission voted to deny plaintiffs' request. On February 5, 1990, a hearing was held before the village council. The council voted 4-2 against granting the split.

On October 2, 1990, plaintiffs filed suit in circuit court, seeking a writ of mandamus to compel the village council to grant plaintiffs' request for a division of the lot. Defendants subsequently filed a motion for summary disposition pursuant to MCR

2.116(C)(8) and (10). Following a hearing on that motion, the trial court held that plaintiffs had failed to demonstrate that they had a "clear legal right or legal duty by defendant to approve the split." Additionally, the trial court found that mandamus was not the appropriate remedy because plaintiffs were not without an adequate legal remedy.

The dispositive issue raised in this appeal is whether the trial court erred in denying plaintiffs' request for a writ of mandamus. A trial court's decision to deny a writ of mandamus will not be reversed absent an abuse of discretion. *Michigan Waste Systems, Inc v Dep't of Natural Resources,* 157 Mich App 746, 760; 403 NW2d 608 (1987). Being an extraordinary remedy, "[t]he requirements for issuance of a writ of mandamus are: (1) the plaintiff must have a clear legal right to performance of the specific duty sought to be compelled; (2) the defendant must have the clear legal duty to perform such act; and (3) the act must be ministerial, ' "where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." ' " *Delly v Bureau of State Lottery,* 183 Mich App 258, 260-261; 454 NW2d 141 (1990), quoting *Carlson v City of Troy,* 90 Mich App 543, 547; 282 NW2d 387 (1979), and *Toan v McGinn,* 271 Mich 28, 34; 260 NW 108 (1935). In addition, the plaintiff must be without an adequate legal remedy. *Clarke v Hill,* 132 Mich 434; 93 NW 1044 (1903); *Garner v Michigan State Univ,* 185 Mich App 750, 757; 462 NW2d 832 (1990); *Cyrus v Calhoun Co Sheriff,* 85 Mich App 397, 399; 271 NW2d 249 (1978). The general rule is that a writ of mandamus is not to be issued where the plaintiff can appeal the error. *Trojan v Taylor Twp,* 352 Mich 636; 91 NW2d 9 (1958);

*Lake Angelo Associates v White Lake Twp,* 198 Mich App 65, 73; 498 NW2d 1 (1993).

In this case, the circuit court found that an adequate legal remedy in the form of an appeal to the circuit court was available to plaintiffs. Plaintiffs claim that defendant has failed to cite any support for the proposition that they had an adequate legal remedy. However, it is the party seeking the writ that must prove entitlement to such relief. *McDonald's Corp v Canton Twp,* 177 Mich App 153, 156; 441 NW2d 37 (1989). Therefore, it was plaintiffs' obligation to show that they did not have an adequate legal remedy in this matter. This they have failed to do.

The parties agree that the applicable statutes provide no guidance concerning the appeal procedure to be followed. Where the statutes provide no guidance concerning procedures to be followed, the court rules governing such matters are applicable. *Macenas v Village of Michiana,* 433 Mich 380, 388; 446 NW2d 102 (1989). Even if an appeal of right was not available to plaintiffs under MCR 7.101, plaintiffs could have sought leave to appeal in the circuit court pursuant to MCR 7.101(B)(2) and MCR 7.103. Because plaintiffs could have appealed the village council's decision to deny their split request to the circuit court, mandamus was not the appropriate remedy. Therefore, the trial court did not err in denying plaintiffs' request for a writ of mandamus.

Affirmed.