*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WARREN CITY COUNCIL,

        Plaintiff-Appellant,

v

SONJA BUFFA and FRED MILLER,

        Defendants-Appellees.

FOR PUBLICATION
September 2, 2020
9:00 a.m.

No. 354663
Macomb Circuit Court
LC No. 2020-002868-AW

Before: O'BRIEN, P.J., and CAVANAGH and JANSEN, JJ.

PER CURIAM.

Plaintiff, the Warren City Council, appeals as of right the trial court's order denying plaintiff's request for a writ of mandamus compelling defendant Sonja Buffa, the Warren City Clerk, to certify ballot language to the Macomb County Clerk (defendant Fred Miller) pursuant to MCL 168.646a(2). We reverse and order Buffa to immediately certify the ballot language to the Macomb County Clerk pursuant to MCL 168.646a(2).

## I. BACKGROUND

At issue in this matter is a ballot proposal that, if approved by the voters at the upcoming November 3, 2020 election, would amend the Warren City Charter and reduce the Mayor's term limit from five terms to three. This proposal was approved by plaintiff on June 30, 2020. But on July 2, 2020, Mayor James R. Fouts vetoed the resolution. On July 14, 2020, plaintiff voted 7-0 to override that veto. On July 20, 2020, Buffa certified the resolution as being a "true and correct copy of the resolution adopted . . . on June 30, 2020."

The next series of events were triggered by MCL 117.22, a provision of the Home Rule City Act (HRCA), MCL 117.1 *et seq*. MCL 117.22 provides:

> *Every amendment to a city charter* whether passed pursuant to the provisions of this act or heretofore granted or passed by the state legislature for the government of such city, *before its submission to the electors*, and every charter before the final adjournment of the commission, *shall be transmitted to the governor of the state. If he shall approve it, he shall sign it*; if not, he shall return the charter to the commission and the amendment to the legislative body of the city, with his objections thereto,

-1-

which shall be spread at large on the journal of the body receiving them, and if it be an amendment proposed by the legislative body, such body shall re-consider it, and if 2/3 of the members-elect agree to pass it, it shall be submitted to the electors. If it be an amendment proposed by initiatory petition, it shall be submitted to the electors notwithstanding such objections. [Emphasis added.]

On July 21, 2020, plaintiff, through counsel, transmitted the ballot proposal to the Governor's Chief Legal Counsel and asked that it be approved. The record shows that an assistant attorney general reviewed the language and, on August 6, 2020, recommended that the Governor give her approval. The Governor did give her approval to the ballot proposal in a letter dated August 12, 2020, and which was emailed to Buffa the morning of August 13, 2020. In the interim, on August 10, 2020, plaintiff's counsel forwarded the ballot language to the Macomb County Clerk's Office.

Pursuant to MCL 168.646a(2), a provision of the Michigan election law, MCL 168.1 *et seq.*:

If a ballot question of a political subdivision of this state including, but not limited to, a county, city, village, township, school district, special use district, or other district is to be voted on at a regular election date or special election, *the ballot wording of the ballot question must be certified to the proper local or county clerk not later than 4 p.m. on the twelfth Tuesday before the election. If the wording is certified to a clerk other than the county clerk, the clerk shall certify the ballot wording to the county clerk at least 82 days before the election.* Petitions to place a county or local ballot question on the ballot at the election must be filed with the clerk at least 14 days before the date the ballot wording must be certified to the local clerk. [Emphasis added.]

Thus, the statute contains two timelines applicable to this matter. First, the ballot wording must be "certified to the proper local . . . clerk not later than 4 p.m. on the twelfth Tuesday before the election." MCL 168.646a(2). All agree that the twelfth Tuesday before the election was August 11, 2020. Second, the local clerk "shall certify the wording to the county clerk at least 82 days before the election." MCL 168.646a(2). All agree that 82 days before the November 3, 2020 election was August 13, 2020. In other words, both sides agree with guidance provided by the Secretary of State concerning MCL 168.646a(2):

### Filing Deadlines: County and Local Proposals

\* \* \*

| By 4:00 p.m., August 11, 2020 | Ballot wording of county and local proposals to be presented at the November general election certified to county and local clerks; local clerks receiving ballot wording forward to county clerk within two days (168.646a)[1] |
|---|---|

---

[1] 2020 Michigan Election Date Booklet, p 5, available at https://www.michigan.gov/documents/sos/2020_Elec-Dates-Booklet_ED-12_10-09-19_668275_7.pdf.

-2-

Buffa has, to this point, refused to certify the ballot language to the Macomb County Clerk. In the trial court and on appeal, Buffa contends that the Governor's approval was required by 4:00 p.m. on August 11, 2020, and because that approval did not come until after that date, the requirement that the ballot language be certified to Buffa by 4:00 p.m. on August 11, 2020, was not satisfied. On this basis, Buffa contends that her duty to certify the language to the Macomb County Clerk on August 13, 2020, never arose. The trial court agreed with this logic and refused to issue the writ. This appeal followed.[2]

## II. STANDARD OF REVIEW

"A trial court's decision to deny a writ of mandamus will not be reversed absent an abuse of discretion." *Keaton v Village of Beverly Hills*, 202 Mich App 681, 683; 509 NW2d 544 (1993). To establish entitlement to the writ, a plaintiff must show that (1) the plaintiff "has a clear legal right to the performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the act requested, (3) the act is ministerial, and (4) no other remedy exists that might achieve the same result." *Coalition for a Safer Detroit v Detroit City Clerk*, 295 Mich App 362, 367; 820 NW2d 208 (2012) (quotation marks and citation omitted). Although the trial court's decision whether to issue a writ of mandamus is reviewed for an abuse of discretion, this Court reviews de novo the first two elements—the existence of a clear legal right and a clear legal duty—as those are questions of law. *Id*. To the extent this Court must interpret the relevant statutes, questions of statutory interpretation are likewise reviewed de novo. *PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 505; 778 NW2d 282 (2009).

## III. ANALYSIS

Plaintiff argues that the trial court abused its discretion by refusing to issue a writ of mandamus compelling Buffa to immediately certify the ballot language to the Macomb Circuit Court. We agree.

The dispute in this case largely centers on the interaction between MCL 168.646a(2) and MCL 117.22. When interpreting statutes, this Court's duty is to effectuate the Legislature's intent. *PNC Nat'l Bank Ass'n*, 285 Mich App at 506. "The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language." *Spectrum health Hosp v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 515; 821 NW2d 117 (2012). Every word or phrase in a statute should be given its plain and ordinary meaning. *PNC Nat'l Bank Ass'n*, 285 Mich App at 506.

We conclude that the Governor's approval under MCL 117.22 is not the certification to the local clerk that is required by 4:00 p.m. on the twelfth Tuesday before the election required by MCL 168.646a(2). First, the two statutes, contain no references to each other. MCL 117.22 does not state that the Governor's approval must be transmitted to any particular official, nor does it indicate that the Governor's approval amounts to "certification" to a local clerk under MCL 168.646a(2). Likewise, MCL 168.646a(2) does not speak of anything being received from the Governor or

---

[2] This Court denied Buffa's motion to affirm and granted plaintiff's motion to expedite this appeal. *Warren City Clerk v Buffa*, unpublished order of the Court of Appeals, issued September 1, 2020 (Docket No. 354663).

otherwise reference the approval process of MCL 117.22. That seems a clear indication that our Legislature did not intend for the Governor's approval to stand as a prerequisite to the local clerk's act of certifying ballot language to the county clerk under MCL 168.646a(2).

Second, nothing in the plain language of the statutes implies that the Governor's approval under MCL 117.22 is the "certification" contemplated by MCL 168.646a(2). Rather, the statutes use different terms; MCL 117.22 refers to the Governor's "approv[al]" of an amendment to a city charter, while MCL 168.646a(2) speaks of certification. "When the Legislature uses different words, the words are generally intended to connote different meanings." *United States Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n*, 484 Mich 1, 14; 795 NW2d 101 (2009). The use of different terms suggests that the Governor's approval under MCL 117.22 is not the certification to be made to the local clerk under MCL 168.646a(2).

Third, while MCL 168.646a(2) speaks of very specific deadlines for certain acts to be taken by, MCL 117.22 only states that the Governor's approval must come "before [a proposal's] submission to the electors . . . ." Thus, the trial court's reading of the statutes creates a conflict. The Governor's approval fully complied with MCL 117.22, as it came well before the proposal would be submitted to the electors. Indeed, it came before the deadline for Buffa to certify the ballot language to the Macomb County Clerk. Nonetheless, Buffa would have this Court impose a second time requirement, which is that to be of any effect, the Governor's approval must come before 4:00 p.m. on the twelfth Tuesday before the election. That requirement is not stated in MCL 117.22; in fact, such a requirement would run contrary to the language of MCL 117.22, which indicates that the Governor's approval must only be given before a proposal is submitted to the voters. But that conflict is easily resolved if one understands that the act of certifying ballot language to a local clerk under MCL 168.646a(2) is not the same as the Governor's act of approving a charter amendment under MCL 117.22.

Buffa relies on the *in pari materia* rule of statutory construction to argue that the Governor's approval should be understood as the certification to the local clerk contemplated by MCL 168.646a(2). "The *in pari materia* rule of statutory construction holds that statutes relating to the same subject or sharing a common purpose should be read together as one, even if the two statutes contain no reference to each other and were enacted at different times." *Summer v Southfield Bd of Ed*, 324 Mich App 81, 93; 919 NW2d 641 (2018). Contrary to Buffa's argument, applying the doctrine of *in pari materia* does not automatically lead to the conclusion that the Governor's approval, spoken of in MCL 117.22, is the "certification" that must be made to the local clerk by 4:00 p.m. on August 11, 2020. To begin, the two statutes do not share a common purpose. MCL 117.22 relates solely to the procedure for amending a city charter, and more specifically, to a particular procedure that is one part of the process. MCL 168.646a, on the other hand, concerns procedures applicable to "ballot question[s] of a political subdivision of this state . . . ." Thus, while both statutes ultimately concern ballot questions, MCL 168.646a encompasses any ballot question of a political subdivision of the state, while MCL 117.22 concerns only a narrow category, proposed amendments to city charters.[3] We do not view that as a "common purpose" such that this Court should assume that one

---

[3] And even in that regard, charter amendments proposed by initiative, rather than by legislative act, are to be submitted to the electors whether or not the Governor provides his or her blessing. See MCL 117.22 ("If it be an amendment proposed by initiatory petition, it shall be submitted to the electors

references or implicates the other. Rather, these statutes seem better categorized as statutes that incidentally refer to the same subject. "An act is not *in pari materia* with another act, even if it incidentally refers to the same subject, if the scope and aim of the two acts are distinct and unconnected." *Pavlov v Community Emergency Med Serv, Inc*, 195 Mich App 711, 721; 491 NW2d 874 (1992). MCL 117.22 and MCL 168.646a(2) both generally refer to election matters, but each has a distinct purpose. This Court cannot impose additional requirements in either MCL 117.22 or MCL 168.646a(2) that were not placed there by the Legislature. *Ionia Ed Ass'n v Ionia Pub Sch*, 311 Mich App 479, 488; 875 NW2d 756 (2015).

In sum, we find no merit to Buffa's contention that because the Governor's approval did not come until after 4:00 p.m. on August 11, 2020, MCL 168.646a(2) was not satisfied and she had no choice but to refrain from submitting the proposal to the Macomb County Clerk.[4] Rather, the proposal was "certified" to Buffa no later than July 20, 2020. Plaintiff's proposal was first put forth in a resolution adopted on June 30, 2020. That resolution was vetoed by the Mayor a few days later. But the veto was overridden by a unanimous vote conducted on July 14, 2020. Buffa certified the resolution, pursuant to the July 14, 2020 vote, on July 20, 2020. We do not necessarily view Buffa's act of certifying the resolution as "certif[ying]" the ballot wording to Buffa. MCL 168.646a(2). Rather, Buffa's certification was, as she argued below, merely a certification that the resolution was a "true and correct copy of the resolution adopted" by plaintiff. And in any event, MCL 168.646a(2) requires that the ballot language be certified *to* Buffa, not *by* Buffa. But it would seem in this case, once plaintiff voted to override the Mayor's veto and submitted the resolution to Buffa, plaintiff certified the proposal to Buffa. While there is some dispute regarding when, exactly, a correct resolution was submitted to Buffa, she clearly had that resolution in hand by July 20, 2020. That was well before August 11, 2020. The first deadline of MCL 168.646a(2) was satisfied, and both Buffa and the trial court were wrong to conclude otherwise.

The question then becomes whether plaintiff established the elements necessary to obtain a writ of mandamus compelling Buffa to act. We conclude that plaintiff did. Buffa had a clear legal duty to certify the ballot language to the Macomb County Clerk by August 13, 2020. As explained, the ballot language was certified to Buffa before 4:00 p.m. on August 11, 2020. Even if Buffa needed the Governor's approval before she could certify the proposal to the county clerk, Buffa had that

---

notwithstanding such objections"). Thus, the approval process is even more limited, only having a practical effect on those charter amendments proposed by a legislative body.

[4] Buffa contends that this reading of the statutes could force her to commit a misdemeanor if she certifies language that is later disapproved by the Governor. This argument is based on guidance from the Secretary of State quoted previously in this opinion, which, according to Buffa, she must follow or else commit a misdemeanor. The guidance, however, says absolutely nothing about waiting for the Governor's approval before a local clerk may certify ballot language to the county clerk. Buffa's concerns seem misplaced. And to the extent this result might create "chaos," as Buffa envisions, we note that the Governor and the Attorney General seem fully aware of the realities of election matters, including time requirements for printing ballots. Certainly in this case, the Governor's approval was rendered in time so as not to wreak havoc on the preparation of ballots. The Governor's approval was granted before Buffa was to certify the ballot language to the county clerk, and thus in no way disturbed the process.

approval the morning of August 13, 2020.[5]  Pursuant to MCL 168.646a(2), Buffa's obligation was to certify the ballot language to the county clerk "at least 82 days before the election[,]" i.e., by August 13, 2020.  Buffa had a clear legal duty to do so.  And as the body who passed the resolution, we conclude that plaintiff has a right to the performance of that duty.

The third element asks if the duty was ministerial, or instead, involves a measure of discretion.  We conclude that the act was ministerial.  An act is ministerial where the law states that duty "with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Berry v Garrett*, 316 Mich App 37, 44-45; 890 NW2d 882 (2016) (quotation marks and citation omitted).  In this case, MCL 168.646a(2) provides that if proposed ballot language is certified to a local clerk by 4:00 p.m. on the twelfth Tuesday before the election, "the clerk shall certify the ballot wording to the county clerk at least 82 days before the election."  That language leaves no room for discretion.  The word "shall" is indicative of a mandatory directive, not a discretionary one.  *Oakland Co v Michigan*, 456 Mich 144, 154-155 and n 10; 566 NW2d 616 (1997).  As the ballot language was certified to Buffa before the August 11, 2020 deadline, she was obligated by law to then certify the language to the Macomb County Clerk before August 13, 2020.

Finally, before the writ may issue, plaintiff must demonstrate that it has no other legal remedy.  Mandamus is generally an appropriate remedy to compel the performance of election-related duties.  See, e.g., *Coalition for a Safer Detroit v Detroit City Clerk*, 295 Mich App 362; 820 NW2d 208 (2012).  Indeed, MCL 117.25(7) specifically recognizes that "[a] person aggrieved by an action, or failure of action, of the city clerk may bring an action against the clerk in the circuit court for writ of mandamus or other appropriate relief."  Buffa claims that by requesting declaratory relief in the complaint, plaintiff defeated its request for mandamus, as it effectively admitted that another remedy is available.  But requesting another form of relief does not prove entitlement to that relief.  Further, all that was requested was a declaration that Buffa has a duty to certify the ballot language at issue.  That would not necessarily *compel* her to certify the language; hence why the writ of mandamus is needed.  We conclude that no other legal or equitable remedy beside mandamus is available.[6]  Thus,

---

[5] For clarity, our opinion today decides that the Governor's approval was not required for "the ballot wording of the ballot question" to be "certified to the proper local or county clerk not later than 4 p.m. on the twelfth Tuesday before the election" as required in the first sentence of MCL 168.646a(2).  That is, Buffa did not need the Governor's approval to certify the ballot wording before 4:00 p.m. on August 11, 2020.  Our opinion does not decide the tangential question whether Buffa needed the Governor's approval before she (Buffa) could certify the ballot wording to the county clerk because this case does not present an opportunity to do so.  Buffa needed to certify the ballot wording to the county clerk before August 13, 2020, and Buffa had the Governor's approval by then.  Nonetheless, it is worth noting that, again, nothing in the relevant statutes would seem to indicate that the local clerk must await that approval before he or she may certify the ballot language to the county clerk.

[6] Buffa suggests that rather than pursue this action, plaintiff should pass the resolution again and put the matter on a later election ballot.  The question is whether there is another adequate *legal or equitable* remedy available, *Berry*, 316 Mich App at 41, not whether plaintiff might be able to place the matter on the ballot at some later election.  Buffa's argument also ignores the reality that not all elections are equal, and that turnout at the upcoming general election will, in all likelihood, surpass that of subsequent elections in 2021 or 2022, as the office of President of the United States will not be up for vote in those elections.

-6-

plaintiff is entitled to issuance of the writ, and the circuit court abused its discretion by declining to do so.

Plaintiff's brief on appeal also asks this Court to grant declaratory relief, and declare that when plaintiff submitted the proposal to the Macomb County Clerk on August 10, 2020, that satisfied the requirement of MCL 168.646a(2) that the ballot language be certified to the county clerk. Ignoring the fact that no such relief was requested below, we note that MCL 168.646a(2) is clear: the *local clerk* must certify the ballot language to the county clerk. The statute does not contemplate that requirement being satisfied in any other way or by any other person or entity. A declaration in the nature requested would be wholly improper. We thus decline to grant relief of that sort.

## IV. CONCLUSION

The circuit court's order is reversed to the extent that it denied plaintiff's request for a writ of mandamus compelling Buffa to certify the ballot language to the Macomb County Clerk. Buffa is hereby ordered to immediately certify the ballot language to the Macomb County Clerk pursuant to MCL 168.646a(2). A public question being involved, no costs may be taxed under MCR 7.219. This opinion shall have immediate effect pursuant to MCR 7.215(F)(2).

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Kathleen Jansen

-7-