*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RUBEN DELGADO,

   Plaintiff-Appellant,

v

MICHIGAN STATE POLICE MARIHUANA
TOBACCO INVESTIGATION SECTION,

   Defendant-Appellee.

UNPUBLISHED
August 18, 2025
3:04 PM

No. 370739
Court of Claims
LC No. 22-000208-MZ

Before: BOONSTRA, P.J., and LETICA and RICK, JJ.

PER CURIAM.

Plaintiff, Ruben Delgado, appeals as of right the order granting summary disposition in favor of defendant, Michigan State Police-Marihuana Tobacco Investigation Section, entered by the Court of Claims (COC). We held a decision in abeyance[1] because a conflict panel was convened in *Hudson v Dep't of Corrections (Hudson I)*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367902), to address whether the notice and verification requirements of MCL 600.6431 could be applied retroactively.[2] In light of the conflict panel's determination that the statutory requirements apply retroactively, *Hudson v Dep't of Corrections (Hudson II)*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket No. 367902), we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

On July 11, 2022, plaintiff filed a complaint against defendant in Jackson Circuit Court. Plaintiff alleged that defendant seized personal property during the execution of a search warrant. In count one, claim and delivery, plaintiff alleged that he was entitled to the return of over $100,000 in currency, cellular phones, a rifle, a currency counter, laptop computers, a tablet, flash and hard

---

[1] *Delgado v Michigan State Police*, unpublished order of the Court of Appeals, entered April 3, 2025 (Docket No. 370739).

[2] *Hudson v Dep't of Corrections*, unpublished order of the Court of Appeals, entered December 30, 2024 (Docket No. 367902).

drives, and two marijuana bud trimmers. Count two raised a claim of statutory conversion under MCL 600.2920. Specifically, plaintiff asserted that the prosecutor had not filed a forfeiture action and had no legal authority to possess the seized property. After February 5, 2021, plaintiff claimed that the forfeiture statute, MCL 333.7523(1), did not authorize the continued possession of the property. And, without a conviction, the Michigan Omnibus Forfeiture Act, MCL 600.4701 *et seq*., and the Michigan Controlled Substances Act, MCL 333.7521 *et seq*., allegedly did not allow for forfeiture. Between February 5, 2021, and the filing of the complaint, defendant purportedly had a legal duty to return the property because there was no valid reason for its continued possession. According to plaintiff, the continued, unjustified, and unlawful possession of the property amounted to theft, embezzlement, or conversion of the property for defendant's own use, MCL 600.2919a, entitling plaintiff to treble damages and reasonable attorney fees. Plaintiff contended that defendant was not entitled to qualified immunity because its acts were outside the scope of its authority.

In count three, a claim of statutory conversion was raised, MCL 600.2919a. Plaintiff asserted that defendant's continued possession of the property was not premised on a viable legal right and failed to conform to the forfeiture statute, MCL 333.7523a(4). This claimed lack of compliance with the forfeiture statute occurred from August 18, 2021,[3] until the filing of the conversion complaint, reflecting "an additional period" during which plaintiff was denied his property and warranted a damage award. Plaintiff alleged that, under the forfeiture statute, defendant had until August 4, 2021, to file a complaint against plaintiff, and had until August 18, 2021, to return the seized property. Because defendant missed its legal duty to return the property, plaintiff claimed a statutory conversion occurred, entitling him to damages. Plaintiff further contended that defendant was not entitled to qualified immunity because it acted outside the scope of its authority by retaining possession of plaintiff's property without initiating a civil forfeiture action. In counts four and five, plaintiff alleged that defendant committed common-law conversion.

Finally, in count six, plaintiff alleged "mandamus." After defendant raided and seized plaintiff's property on May 5, 2021, it never served plaintiff with a notice of intent to forfeit property. On August 5, 2021, plaintiff filed a claim of interest. But, defendant never filed an *in rem* action against the property and did not return it. Plaintiff asserted that defendant's failure to act promptly violated the forfeiture statute and required immediate return of the seized property, referencing MCL 333.7523(1). A prompt return of property did not occur because it had been 11 months since the seizure. And a prosecutor failed to "instigate criminal actions" against plaintiff, such that plaintiff questioned defendant's motivation for the seizure. Again, plaintiff claimed that defendant was not entitled to qualified immunity. Therefore, plaintiff requested the immediate return of the seized property, treble damages, fees, and interest.

---

[3] In a footnote, plaintiff explained how he arrived at the August 18, 2021 date, stating "[p]ursuant to MCL 333.7523a(4), if a complaint is not issued against the individual within 90 days of the property seizure, the property must be returned within 14 days. Totaling 104 days."

On July 14, 2022, plaintiff filed a motion for possession pending judgment.[4] On August 24, 2022, defendant moved for dismissal in lieu of filing an answer and a response to plaintiff's motion for possession pending judgment. Defendant noted that it obtained a search warrant for defendant's home, related buildings, and vehicles on May 5, 2021, and executed the warrant on May 6, 2021. The data storage devices (computers, external hard drives, SD cards, and cell phones), the rifle, the marijuana bud trimmers, the currency counter, and $109,985 were retained as evidence in an ongoing criminal investigation. Defendant alleged that the circuit court could take no action because exclusive jurisdiction over plaintiff's claims was in the COC, MCL 600.6419, governmental immunity barred plaintiff's conversion claims, MCL 691.1407(1), and plaintiff could not establish a clear, legal right to the property's return in light of the seizure in a criminal investigation. Defendant also filed a brief in support of summary disposition, a copy of the search warrant, and an affidavit from Michigan State Police Detective Trooper Kevin Klomparens. The affidavit stated that the personal property seized premised on the search warrant was potential evidence that may be necessarily produced or used as evidence at a future trial. Defendant further requested that the motion for possession pending judgment be denied.

On September 26, 2022, plaintiff filed his response in opposition to defendant's motion, asserting the COC did not have jurisdiction because he had requested a jury trial. Plaintiff further alleged that defendant did not act within the scope of a governmental function. And, he claimed that he was entitled to the return of his property when no notice of intent to forfeit was filed. If the circuit court determined that it did not have jurisdiction, plaintiff requested a transfer to the COC. With the response, plaintiff submitted a copy of the search warrant and a supplemental police report. On October 21, 2022, the circuit court entered an order granting defendant's motion for summary disposition and ordered the case transferred to the COC.

The case was transferred to the COC, Judge Elizabeth L. Gleicher presiding. On January 19, 2023, defendant moved for summary disposition of plaintiff's complaint in lieu of filing an answer. Defendant alleged that dismissal was appropriate because the personal property seized was evidence in a criminal investigation, sovereign immunity barred plaintiff's damage claims, and plaintiff's claims were untimely. Further, plaintiff's intentional tort claims of conversion were barred by governmental immunity. Defendant also claimed that plaintiff could not demonstrate entitlement to mandamus because he failed to establish a clear, legal right to performance of a specific duty. Contrary to plaintiff's assertion, his personal property was not taken under a forfeiture order but pursuant to a search warrant.

Further, defendant asserted plaintiff failed to comply with the COC Act, MCL 600.6401 *et seq.*, by filing a notice of intent to file a claim or filing the claim within one year after the claim's accrual. Even if plaintiff could demonstrate that his claims were timely, defendant alleged that the complaint had to be dismissed because it was not verified, MCL 600.6434(2). Again, defendant submitted the search warrant and Klomparens's affidavit in support of its motion.

---

[4] This motion consisted of standard form documents prepared by the State Court Administrator's Office, see MC 36-38.

On February 13, 2023, plaintiff moved to amend his complaint to cure the verification requirement. On February 13, 2023, plaintiff filed a notice of intent to file a claim. In this notice, plaintiff alleged that the "claim arose on or about May 6, 2021" at Wolf Lake Road in Grass Lake, Michigan. Because the search warrant stated that the items were seized under the Public Health Code and no charges have been filed, it was claimed that defendant must return the items.

Also on February 13, 2023, plaintiff filed its response to defendant's dispositive motion. Plaintiff alleged that defendant was not entitled to governmental immunity because it acted outside the scope of its duties when it failed to return the property in accordance with the forfeiture statutes. Plaintiff also claimed that it was disingenuous to assert that the personal property was required for a trial because the items were taken according to the Public Health Code and no information or arrest warrant had been issued for plaintiff. Finally, plaintiff alleged defendant waived any notice provision when it agreed to transfer the case from circuit court to the COC. Nonetheless, plaintiff could still file the notice of intent and be timely under the court rules. Finally, the complaint, when transferred under the court rules, proceeds as if it had been originally filed in the receiving court. Therefore, any compliance with special requirements was moot. Nonetheless, plaintiff moved to amend the complaint to comply.

In reply, defendant alleged that caselaw held that filing in the wrong court did not extend the time to file a verified notice or complaint.

On April 4, 2023, the COC issued an opinion and order that granted plaintiff's motion for leave to amend his complaint, granted summary disposition of plaintiff's conversions claims, but denied the motion premised on a lack of filing a notice of intent to sue, a lack of verification, and the mandamus claim. The COC held that plaintiff's failure to verify the complaint was excused because a technical defect in the pleading could be corrected upon transfer to the COC. And, the notice of intent could be filed within a year after the claim accrual. Because plaintiff timely filed his action in the circuit court, it was concluded that the action was also timely filed in the COC once transferred. Finally, the COC held that the conversion claims were barred by governmental immunity.

On January 16, 2024, the case was reassigned to COC Judge Christopher P. Yates. On February 9, 2024, plaintiff moved for summary disposition of the count alleging mandamus, claiming he satisfied the elements of the claim.

On February 15, 2024, defendant again moved for summary disposition. Defendant expressed entitlement to relief because (1) plaintiff's complaint constituted a collateral attack on the district court's search warrant; (2) the COC lacked jurisdiction over plaintiff's claim because of his failure to comply with the notice and timing requirements; and (3) the property was properly seized according to the search warrant and constituted evidence in an ongoing criminal investigation.[5] Although the filing requirements of the COC Act were previously excused when a

---

[5] Defendant alleged that another search warrant was executed on plaintiff's home. On January 9, 2024, defendant purportedly seized over 100 pounds of marijuana, $3,000 in cash, four cell phones, three computers, and a plate containing suspected cocaine residue.

party filed the action in the wrong court, defendant contended that recent caselaw determined that the filing requirements must be met. With the motion, defendant submitted the information pertaining to the 2021 search warrant and tabulation as well as the 2024 search warrant and tabulation.

On March 6, 2024, defendant opposed plaintiff's dispositive motion, citing the grounds raised in its own motion for summary disposition. Similarly, on March 7, 2024, plaintiff opposed defendant's dispositive motion, contending that the COC's previous denial on the issue of filing requirements was proper and recent caselaw did not warrant a different outcome.

On April 11, 2024, the COC issued an opinion and order granting defendant's motion for summary disposition, stating in pertinent part:

> In its previous analysis of jurisdiction under the Court of Claims Act, MCL 600.6431, this Court relied on decisions of our Court of Appeals affording substantial latitude to plaintiffs trying to comply with the Court of Claims Act. But after this Court issued its opinion, our Supreme Court decided that all plaintiffs suing a state entity must comply with the verification and timing rules in the Court of Claims Act, MCL 600.6431. In *Christie v Wayne State University*, 511 Mich 39; 993 NW2d 203 (2023), our Supreme Court held that the notice provision contained in MCL 600.6431 "applies to all claims filed against the state," regardless of whether those claims were filed in the Court of Claims or a circuit court. *Id*. at 45. And in *Elia Companies, LLC v University of Michigan Regents*, 511 Mich 66; 993 NW2d 392 (2023), our Supreme Court held that a "plaintiff's failure to comply with the notice and verification requirements of MCL 600.6431 mandates dismissal of [the plaintiff's] case." *Id*. at 75. Those two decisions leave no doubt that the instant case must be dismissed on jurisdictional grounds.

> Pursuant to MCL 600.6431(1), "a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies." And according to MCL 600.6431(2)(d), the claim or notice filed "under subsection (1) must contain . . . [a] signature and verification by the claimant before an officer authorized to administer oaths." Here, plaintiff failed to verify the original complaint that he filed in the Jackson County Circuit Court on July 8, 2022, or the letter serving as notice dated December 19, 2022. Plaintiff's original complaint identified accrual dates of February 5, 2021, and August 18, 2021. In paragraph 10 of his original complaint, plaintiff contended that, "from February 5, 2021, until the filing of this Complaint, the Defendant had a legal duty to return the property because there existed no other legal reason for the continued possession of said property." And in paragraph 21 of his original complaint, plaintiff alleged that "from August 18, 2021, to the filing of this complaint, the Defendant had a legal duty to return the property because there existed no other legal reason for the continued possession of said property." Accordingly, the allegations in plaintiff's original complaint establish an accrual date no later than August 18, 2021.

Plaintiff's failure to file either a verified claim or a verified notice of his intention to file a claim within 1 year after the claims accrued obligates this Court to dismiss this action under MCL 600.6431. The proposed verified amended complaint plaintiff submitted on February 13, 2023, came too late to cure the lack of verification within 1 year after the claim accrued. *Elia*, 511 Mich at 72-75. Specifically, the allegations in plaintiff's original complaint establish an accrual date no later than August 18, 2021, neither plaintiff's original complaint nor his notice in the form of the letter dated December 19, 2022 was verified, and plaintiff's proposed verified amended complaint was not submitted until February 13, 2023. As a result, this Court must award summary disposition under MCR 2.116(C)(4) to defendant. In light of this ruling, this Court need not address plaintiff's motion for summary disposition filed on February 9, 2024. That motion requested a ruling on the merits of plaintiff's claim for mandamus. Because this Court lacks jurisdiction by operation of the Court of Claims Act, MCL 600.6431, this Court cannot consider the merits of any claim.

From this decision, plaintiff appeals.

## II. STANDARD OF REVIEW

Defendant moved for summary disposition premised on MCR 2.116(C)(4) and (10). A trial court's decision on a motion for summary disposition is reviewed de novo. *White v Henry Ford Macomb Hosp Corp*, 346 Mich App 405, 419; 12 NW3d 635 (2023). A motion for summary disposition premised on MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Id*. The moving party must identify and support the issues to which the moving party believes there is no genuine issue of material fact, and the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted with the motion must be examined. *Charter Twp of Pittsfield v Washtenaw Co Treasurer*, 338 Mich App 440, 449; 980 NW2d 119 (2021). Once the moving party makes and supports its motion, the opposing party may not rest on mere allegations or denials in the pleadings, but must submit documentary evidence setting forth specific facts to demonstrate a genuine issue for trial. *Id*.

Summary disposition is appropriate under MCR 2.116(C)(4) when the trial court lacks jurisdiction over the subject matter. When deciding whether a motion for summary disposition under MCR 2.116(C)(4) should be granted, a court must consider the affidavits in addition to the pleadings, depositions, admissions, and other documentary evidence then filed in the litigation or presented by the parties. *Cary Investments, LLC v City of Mount Pleasant*, 342 Mich App 304, 312; 994 NW2d 802 (2022) (citation omitted).

## III. ANALYSIS

In order to file an action against the state, MCL 600.6431 must be satisfied and it reads:

(1) Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, filed in the office of the clerk of the court of claims either a written claim

or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

(2) A claim or notice under subsection (1) must contain all of the following:

(a) A statement of the time when and the place where the claim arose.

(b) A detailed statement of the nature of the claim and of the items of damage alleged or claimed to have been sustained.

(c) A designation of any department, commission, board, institution, arm, or agency of the state involved in connection with the claim.

(d) A signature and verification by the claimant before an officer authorized to administer oaths.

(3) A claimant shall furnish copies of a claim or notice filed under subsection (1) to the clerk at the time of filing for transmittal to the attorney general and to each of the departments, commissions, boards, institutions, arms, or agencies of this state designated in the claim or notice.

(4) For a claim against this state for property damage or personal injuries, the claimant shall file the claim or notice under subsection (1) with the clerk of the court of claims within 6 months after the event that gives rise to the claim.

(5) This section does not apply to a claim for compensation under the wrongful imprisonment compensation act, 2016 PA 343, MCL 691.1751 to 691.1757.

In *Christie v Wayne State Univ*, 511 Mich 39, 43; 993 NW2d 203 (2023), our Supreme Court addressed whether notice provisions in the COC Act applied to all claims against the state *or only to those filed against state defendants in the COC*. In *Christie*, the defendant terminated the plaintiff's employment in November 2017. The plaintiff filed a complaint in *circuit* court raising claims of age and disability discrimination. In lieu of filing an answer, the defendant moved for summary disposition, contending that the plaintiff's failure to comply with the notice of intent to sue requirements of MCL 600.6431(1) barred her claims. *Id*. The circuit court denied the defendant's motion, concluding that the notice requirements of MCL 600.6431 only applied to actions filed in the COC, not those filed in the circuit court. Relying on the published decision in *Tyrrell v Univ of Mich*, 335 Mich App 254; 966 NW2d 219 (2020), this Court affirmed the circuit court decision. But our Supreme Court reversed, stating:

We hold that the Court of Appeals in *Tyrrell* erred by concluding that MCL 600.6431(1)'s notice requirements apply only to claims initiated against the state in the Court of Claims. MCL 600.6431(1) broadly states that, "[e]xcept as otherwise provided in this section, *a claim may not be maintained against this state*" unless the claimant files a written claim or written notice of intention to file a claim with the clerk of the Court of Claims within one year after the claim has accrued. The text of this provision does not limit its notice requirements to claims

initiated in the Court of Claims. To the contrary, by its terms, MCL 600.6431(1) applies categorically to "a claim" against the state. Therefore, we conclude that the notice requirements of MCL 600.6431(1) apply to all claims against the state, including those filed in the circuit court, except as otherwise exempted in MCL 600.6431 itself. This interpretation is supported by the statutory history of MCL 600.6431 and is entirely consistent with the [COC Act's] history and role as a limited waiver of the state's immunity from suit. We overrule *Tyrrell* to the extent it holds to the contrary. Here, it is undisputed that plaintiff did not comply with MCL 600.6431(1) within one year of the accrual of her claims. Accordingly, her claims must fail. [*Christie*, 511 Mich at 44-45.]

Our Supreme Court again addressed the notice requirements in *Elia Cos, LLC v Univ of Mich Regents*, 511 Mich 66, 69; 993 NW2d 392 (2023). In *Elia Cos, LLC*, the plaintiff entered into a 10-year lease with the defendant to operate a coffee shop in the student union building. When building renovations commenced, the defendant did not accommodate the plaintiff with alternative space, as allegedly required by the lease, and terminated the lease. The plaintiff then filed an action for breach of contract, among other claims, in the circuit court. Over the plaintiff's objection, the defendant removed the case to the COC and sought summary disposition premised on the failure to comply with the notice requirements of MCL 600.6431. The COC dismissed the litigation for lack of jurisdiction, but this Court reversed, concluding that the plaintiff could verify its complaint by filing an amended complaint even though the one-year period for filing a verified notice had lapsed. *Id*. at 69-70. Our Supreme Court reversed this Court and again adopted the *Christie* holding, stating:

> As an initial matter, we reject plaintiff's argument that it was not required to comply with the notice and verification requirements of MCL 600.6431 because plaintiff initially filed suit in the circuit court rather than in the Court of Claims. As this Court held in *Christie v Wayne State Univ*, all parties with claims against the state, except those exempted in MCL 600.6431 itself, must comply with the requirements of MCL 600.6431. This includes claims initiated in the circuit court. [The] [p]laintiff did not timely comply with this provision, as it failed to file, in the office of the clerk of the Court of Claims, "a written claim or a written notice of intention to file a claim" within one year after its claims accrued.

> The Court of Appeals excused [the] plaintiff's failure to timely comply with MCL 600.6431, citing *Progress Mich* [*v Attorney General*, 506 Mich 74, 97-98; 954 NW2d 475 (2020),] to conclude that [the] plaintiff could "correct any defect in its complaint in order to comply with [the requirements of MCL 600.6431 and MCL 600.6434] during the pendency of the proceedings and in accordance with the court rules" even after the one-year period set forth in MCL 600.6431 had expired. This was in error and contrary to our jurisprudence. As we explained in *Christie*, this Court has stated that adherence to the conditions set forth in MCL 600.6431 is necessary "to successfully expose the defendant state agencies to liability." In the context of the GTLA [Government Tort Liability Act, MCL 691.1401 *et seq*.], this Court . . . held that the 120-day notice provision in MCL 691.1404 of the GTLA "was constitutional," that "no 'saving construction' was necessary or allowed," and that "the engrafting of [a] prejudice requirement onto the statute was entirely

indefensible." Five years later, this Court held . . . that [this] reasoning . . . equally applied to the notice provision in MCL 600.6431 of the COC [Act], holding that "statutory notice requirements must be interpreted and enforced as plainly written and . . . no judicially created saving construction is permitted to avoid a clear statutory mandate." Ultimately, the Court concluded that the "[f]iling [of a] notice outside the statutorily required notice period does not constitute compliance with the statute." [*Id*. at 71-73 (footnotes omitted).]

In the present case, plaintiff filed his action in the circuit court and did not comply with the provisions of MCL 600.6431 by filing a verified notice of his claim. Specifically, on July 11, 2022, plaintiff filed a complaint against defendant in circuit court, and the complaint allegations indicated that the claim accrued on August 18, 2021, when there was an alleged lack of compliance with the forfeiture statute.[6] Under MCL 600.6431(1), plaintiff could not maintain an action against the state because he failed, within one year of the claim accrual, to file a written claim or a written notice of an intention to file a claim against the state or its departments or agencies. This claim or notice had to include a statement of the time and place of where the claim occurred, a detailed statement of the nature of the claim and the damages, an identification of the state entity involved with the claim, and the claimant's signature and verification before an officer authorized to administer oaths. MCL 600.6431(2)(a)-(d). Plaintiff was required to comply with MCL 600.6431 and could not cure any defects during the pendency of the action. *Elia Cos, LLC*, 511 Mich at 71-73.

According to our Supreme Court, plaintiff's lack of compliance cannot be excused, warranting dismissal. However, in *Christie* and *Elia Cos, LLC*, our Supreme Court did not address whether its holdings should be applied retroactively.

But retroactivity was addressed in *Flamont v Dep't of Corrections*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367863).[7] In *Flamont*, the plaintiff, a female corrections officer, alleged that she was forced to work excessive mandatory overtime hours unlike her male counterparts. The plaintiff resigned from her employment in 2016, contending it resulted from a constructive discharge. *Id*. at slip op at 1. In 2019, the plaintiff filed a sex discrimination action

---

[6] Plaintiff's appellate brief does not significantly discuss or analyze the *Christie* or *Elia Cos, LLC* decisions, relegating any reference to a footnote. Instead, plaintiff contends that his reference to the August 18, 2021 accrual date in his complaint was "arbitrarily" selected and is now incorrect. Additionally, plaintiff asserts that there is a factual issue regarding the accrual date and that defendant fraudulently concealed plaintiff's cause of action. In a mandamus action, the party seeking the writ bears the burden of proof. See *Keaton v Village of Beverly Hills*, 202 Mich App 681, 684; 509 NW2d 544 (1993). Plaintiff identified the accrual date of August 18, 2021, but that accrual date became essentially a "moving target" after defendant sought enforcement of the notice, one-year rule, and verification provisions of MCL 600.6431(1), (2). We reject plaintiff's attempt to preclude the application of MCL 600.6431 by failing to meet his burden of proof and conveniently alter the accrual date he provided to the court below.

[7] An application for leave to appeal the *Flamont* decision was filed on November 15, 2024, and remains pending in our Supreme Court.

in circuit court, but failed to submit the notice of intent to file a claim, MCL 600.6431(1). The defendants moved for summary disposition, citing the plaintiff's failure to comply with the requirements of MCL 600.6431 and relying on *Christie* and *Elia Cos, LLC*. The trial court denied the defendants' dispositive motion, concluding that the *Christie* decision was not retroactively applicable to the plaintiff's pending action. *Id*. at slip op at 1-2.

First, the *Flamont* panel addressed the criteria for retroactivity. Specifically, to decide whether a holding was retroactively applicable, it must be determined whether the decision established a new principle of law, the purpose of the new rule of law, the reliance on the old rule, and the effect of retroactivity on the administration of justice. *Id*. at slip op at 4. The *Flamont* panel concluded that the *Christie* decision did not establish a new rule of law, but rather, construed the plain and unambiguous language of MCL 600.6431. It then reversed the trial court's ruling and determined that the *Christie* decision had retroactive application, stating:

> Our Supreme Court has explained that it does not announce a new rule of law when it overrules a decision of the Court of Appeals that misinterpreted a statute contrary to the statute's plain language, legislative intent, and existing precedent because in that situation, the Supreme Court has "reaffirmed the existing law that was misinterpreted by the Court of Appeals."
>
> * * *
>
> In *Christie*, our Supreme Court clearly declared the meaning of the law as it existed, based on the unambiguous statutory language, and corrected a relatively short-lived misinterpretation of the law that had "served to thwart the legislative intent and the mandated result." Therefore, because the holding in *Christie* did not constitute a new rule, it has full retroactive effect and therefore applies in the present case. . . . The trial court erred by failing to give *Christie* retroactive effect. [*Id*. at slip op at 6.]

Although *Flamont*, a published decision, was issued on October 4, 2024, this Court issued a published decision also addressing the retroactivity of MCL 600.6431 in *Landin v Dep't of Health and Human Servs*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367356), on November 13, 2024.[8] The *Landin* majority acknowledged that it was aware of the *Flamont* decision but distinguished it factually:

> In *Tyrrell v Univ of Mich*, 335 Mich App 254; 966 NW2d 219 (2020), this Court held in a published and precedentially binding opinion that when a state entity is sued in Circuit Court, as opposed to the Court of Claims, the plaintiff need not file a claim or notice of intent within a year after accrual as otherwise required by MCL 600.6431(1). Relying on that decision, plaintiff Tachelle Landin, filed suit in circuit court without complying with the requirements of the statute. After plaintiff did so, the Supreme Court issued its opinion in *Christie v Wayne State*

---

[8] An application for leave to appeal the *Landin* majority opinion was filed with our Supreme Court on December 23, 2024 and remains pending.

-10-

*University*, 511 Mich 19; 993 NW2d 203 (2023), holding that the requirements of MCL 600.6431(1) apply to all suits against the state, including those filed in circuit court. The *Christie* opinion did not state whether or not it should be applied retroactively.

The circuit court read *Christie* as requiring full retroactivity and given plaintiff's failure of notice, dismissed the case. Plaintiff appeals as of right. While her appeal was pending, a panel of the Court of Appeals held in *Flamont v Dep't of Corrections*, ___ Mich App ___; ___)[sic] NW3d ___ (2024) (Docket # [sic] 367683), a case filed before the decision in *Tyrrell* was issued, that in that circumstance *Christie* did not establish a new rule of law and should be applied retroactively. We take no issue with *Flamont's* application of *Christie* to cases not affected by the *Tyrrell* decision. However, the question whether it should be applied retroactively to those cases in which the plaintiff relied upon the then-binding precedent of *Tyrrell* did not arise in *Flamont*. Indeed, *Flamont* makes no reference to cases filed in reliance on *Tyrrell* which is not surprising since the plaintiff could not and did not assert any such reliance given that the notice period applicable in *Flamont* had run before *Tyrrell* was decided. Flamont [sic], ___ Mich App at ___; slip op at 1-2. [*Landin*, ___ Mich App at ___; slip op at 1-2.]

In *Landin*, the plaintiff filed suit in circuit court, claiming race discrimination. The plaintiff did not comply with the requirements of MCL 600.6431(1), and the one-year period elapsed such that it was no longer possible to comply. *Id*. at slip op 3. The *Landin* majority conducted a de novo review of retroactivity without regard to the *Flamont* decision. The majority justified its analysis by stating that the plaintiff relied on the then-binding precedent of *Tyrrell* when she filed and before the *Christie* decision was rendered. *Id*. at slip op at 1-3. In conducting a de novo review of retroactivity, the *Landin* majority held that "*Christie* does not apply retroactively to circuit court cases that were in a procedural posture wherein *Tyrrell*'s interpretation of MCL 600.6431 was the law in Michigan during the one-year notice or filing period following accrual of a claim. Such was the situation with respect to plaintiff's case against the DHHS [Department of Health and Human Services]." *Id*. at slip op at 8-9.

Thereafter, in *Hudson I*, ___ Mich App at ___; slip op at 1-2, the plaintiff, a corrections officer, filed suit in the circuit court raising claims of racial discrimination and retaliation. The plaintiff did not file a notice with the COC in accord with MCL 600.6431(1). The defendant moved for summary disposition under MCR 2.116(C)(7), in light of *Christie*, and the trial court granted the motion, concluding that the *Christie* decision applied retroactively. The *Hudson* panel reversed the grant of summary disposition, determining that it was required to follow *Landin*, but noted that *Landin* appeared to be in conflict with *Flamont*:

The Court's decision in *Landin* is in conflict with *Flamont* and, consequently, this Court's decision in the present case is impacted by and, indeed, controlled by *Landin*. In this case, like the plaintiff in *Landin*, the complaint was filed on June 29, 2022, after *Tyrrell* but before *Christie* was decided. Under *Landin's* formulation of the retroactivity analysis, the rule under which plaintiff was operating—i.e., the rule from *Tyrrell*—was a "new rule of law." See *Landin*, ___ Mich App at ___; slip op at 6. Thus, under *Landin*, all of the same

considerations concerning the three-part test apply, and this Court is constrained to follow *Landin* and reverse the trial court's order granting defendant's motion for summary disposition. However, but for *Landin*, we would affirm the trial court's order granting defendant's motion for summary disposition, consistent with the holding in *Flamont* that the rule in *Christie* was not a "new rule of law" because the Supreme Court "does not announce a new rule of law when it overrules a decision of the Court of Appeals that misinterpreted a statute contrary to the statute's plain language, legislative intent, and existing precedent . . . ." *Flamont*, ___ Mich App at ___; slip op at 6. [*Hudson*, ___ Mich App at ___; slip op at 6.]

In closing, the *Hudson* panel "declare[d] a conflict with *Landin* concerning the retroactivity of *Christie*." *Id*. As noted, this Court voted to convene a conflict panel.

The *Hudson II* panel concluded that the *Flamont* decision was entitled to precedential effect under stare decisis. *Hudson II*, ___ Mich App at ___; slip op at 5. And, the conflict panel determined that the *Landin* panel erred in failing to adhere to the *Flamont* panel's declaration that the *Christie* decision was entitled to full retroactive effect. *Id*. The *Hudson II* panel stated:

> We conclude that the statement in *Flamont* that *Christie* is fully retroactive was not dictum. In *Flamont*, this Court was squarely presented with the question of whether *Christie*'s application was retroactive or prospective. This Court's answer that *Christie* is fully retroactive was directly germane to the question with which it was presented. Therefore, although this Court raised important questions in *Landin* about the equity of enforcing *Christie* against those whom lost their claims in reliance on *Tyrrell*, the *Landin* panel was nevertheless bound by the *Flamont* panel. [*Hudson II*, ___ Mich App at ___; slip op at 5.]

In light of the holding that the *Christie* decision is given full retroactive effect, *id*., the COC did not err in granting summary disposition in defendant's favor after concluding that it lacked jurisdiction.[9]

Affirmed.

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Michelle M. Rick

---

[9] Despite this determination that the COC lacked jurisdiction, both parties argue the merits of the claim for mandamus. Defendant contends that plaintiff cannot establish the elements, including a clear, legal right, to support such relief. Plaintiff asserts that defendant cannot establish that there are pending criminal charges or investigations, referencing *People v Kejbou*, ___ Mich App ___, ___; ___ NW3d ___(2023) (Docket No. 361377). Because we affirm the COC's summary disposition decision, we decline to address the merits of this issue. Additionally, we note that *People v Soto*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 370138), may undermine plaintiff's contention contingent on the evidence and proofs that a prosecutor may present.